# INTERGOVERNMENTAL AGREEMENT

*By and Between*

The Mashpee Wampanoag Tribe
*and*
The Town of Mashpee, Massachusetts

April 22, 2008

# Contents

1).   Intergovernmental Agreement By and Between the Mashpee Wampanoag
Tribe and the Town of Mashpee, with Exhibits 'A' through 'D'.

2).   Rider 'A' to Intergovernmental Agreement, with Tribal Council Resolution.

3).   Town Cemetery Parcel Memorandum of Agreement, with Tribal Council
Resolution.

## INTERGOVERNMENTAL AGREEMENT

By and between the Mashpee Wampanoag Tribe
and
The Town of Mashpee, Massachusetts

THIS AGREEMENT ("Agreement") is made and entered into as of this 22nd day of April, 2008, by and between the Mashpee Wampanoag Tribe, a federally-recognized Indian Tribe, whose address is 483 Great Neck Road South, P.O. Box 1048, Mashpee, MA 02649 (the "Tribe") and the Town of Mashpee, a municipal corporation and political subdivision of the Commonwealth of Massachusetts, whose address is 16 Great Neck Road North, Mashpee, MA 02649 (the "Town"), collectively referred to herein as the "Parties".

WHEREAS, the Tribe is recognized by the United States, pursuant to 25 C.F.R. Part 83, and is an American Indian tribe with a written Constitution and Bylaws;

WHEREAS, the Town is a legally chartered municipality under the laws of the Commonwealth of Massachusetts;

WHEREAS, the Town will be the host community for portions of the Tribe's reservation and Tribe-related governmental, residential and commercial activities;

WHEREAS, the Tribe wishes to have the United States take title to certain lands within the Town in trust for the Tribe, as more particularly set forth in the Tribe's Petition filed with the Secretary of the Interior, dated August 30, 2007;

1

WHEREAS, certain of those lands are currently owned by the Town;

WHEREAS, the parties have agreed that the Town shall transfer these lands to the Tribe for the purpose of having them conveyed to the United States in trust for the Tribe and shall remove certain restrictions placed on certain lands owned by the Mashpee Wampanoag Indian Tribal Council, Inc. and shall support the taking of other lands within the Town into trust for the Tribe, subject to the terms and conditions of this agreement;

WHEREAS, the Town may lose revenue from, and planning, zoning and regulatory control over, lands located in Mashpee taken into trust by the United States on behalf of the Tribe or its members;

WHEREAS, pursuant to 25 C.F.R. Part 151 and the National Environmental Policy Act (42 U.S.C. § 4331 *et. seq.*), a decision by the Secretary of the Interior to take land into trust on behalf of the Tribe or its members considers the potential impacts on the Town, including regulatory jurisdiction, real property taxes and special assessments, removal of the land from the tax rolls, and any jurisdictional problems and potential land use conflicts and effects on the quality of the human environment arising therefrom; and

WHEREAS, the Tribe, as a sovereign Indian nation, and the Town, as a chartered municipality of the Commonwealth of Massachusetts, desire to establish a long-term, cooperative relationship between them that will serve the best interests of the Tribe and its members and the Town and its residents.

2

NOW THEREFORE, The Tribe and the Town, for good and valuable consideration mutually exchanged, the receipt and sufficiency of which is hereby acknowledged, hereby agree as follows:

1.   **The Town agrees:**

   a.   To support the Tribe's acquisition in trust of the parcels of land described in Exhibit A, for the Proposed Uses identified in the Tribe's trust acquisition application dated August 30, 2007, and to undertake all reasonable measures necessary to effect the transfer of the Town's fee interest in and to those parcels identified as Parcels No. 1, 2, and 3 in Exhibit A, including sponsoring an Article(s) for approval by the Mashpee Town Meeting authorizing the transfer of said parcels and to remove certain restrictive covenants from the parcels identified as Parcels Nos. 4, 5, and 8 in said Exhibit A and to convey the Town's interest, if any, in Parcels A and B as identified on Exhibit B, subject to approval by the Mashpee Town Meeting and the execution of any necessary documents. (See Rider A, appended hereto, dated April 22, 2008.) If the Town does not have fee title to Parcels A and B as identified on Exhibit B, it shall support all necessary steps to have those Parcels acquired in trust for the Tribe including any local approvals or state legislation.

   b.   To support any local approvals or state legislation necessary to implement the terms of this Agreement, to the extent such approvals and/or legislation are not inconsistent with this Agreement;

c.      To cooperate and work with the Tribe's staff to provide coordination between Tribe and Town actions regarding development and traffic patterns arising as a result of any proposed improvements or projects affecting land held in trust for the Tribe or tribally owned lands in Mashpee. Such coordination shall include, but is not limited to, providing the Tribe with all submissions filed with the State, Regional and Federal regulatory agencies, consulting with the Tribe on such submissions and designating a representative of the Town to be responsible for such coordination; and

d.      To participate in the Tribe's capital improvement endeavors by, in the Town's discretion, assisting the Tribe in the planning and implementation of capital improvements that benefit both the Tribe and the Town;

2.    **The Tribe agrees:**

a.      To hereby waive and release any and all claims, rights, interests and/or entitlements relating to real property located within the geographical boundaries of the Town of Mashpee and owned by private (non-governmental) property owners or by the Town, its agencies, commissions and authorities. With the exception of those parcels described in Exhibits A and B, the Tribe shall not apply for, nor consent to, trust status for or otherwise exercise control over or limit access to any real property owned by the Town of Mashpee, including but not limited to, parklands, conservation lands, public roads, public highways, public rights-of-way, or public easements without the written consent of

60777-0001/LEGAL13494078.2

92977.1

the Town. Nothing herein shall be construed to waive any aboriginal rights of the Tribe to water, access to water or to hunt, fish or gather for sustenance as recognized by courts of competent jurisdiction. Furthermore, nothing herein shall prevent or preclude the Tribe and Town from engaging in negotiations or transactions subsequent to the date of this Agreement regarding the transfer of title to or interest in any Town property upon terms mutually acceptable to the Parties.

b.      That after the parcels in Exhibit A and B are placed in trust for a specified use or uses, if the Tribe subsequently seeks to change or modify that use, the Tribe will notify the Town of the proposal at least sixty (60) days before the proposed change will take place, will supply the Town with any analyses of the environmental impacts of the proposed change in use that are prepared by the Tribe or its agencies, and within that sixty (60) day period will consult with the Town and consider any comments the Town submits to it concerning the proposed change.  For any proposed change in use that will significantly affect the Town, the Tribe will consult directly with the Town to seek an agreement that would address Town concerns raised during the process.  When federal action is required triggering the National Environmental Policy Act, the Tribe will ask to have the Town included as a cooperating agency for any environmental assessment or environmental impact statement that is required.

c.      To cooperate and work with Town planning staff to promote coordination of Tribal and Town actions regarding development and traffic patterns arising as a result of any proposed improvements or projects on land held

5

in trust for the Tribe or tribally owned lands in Mashpee. Such coordination includes, but is not limited to, cooperating and consulting with the Town on matters involving all submissions to any State, Regional or Federal regulatory agency regarding the development of Tribal Lands in Mashpee, providing such submissions on the same date they are filed with said agencies, and designating a representative of the Tribe to be responsible for such coordination;

      d.     To participate in the Town's capital improvement activities by taking steps that include providing, at the Tribe's discretion, assistance for public improvement planning and funding of capital improvements that benefit both the Tribe and the Town;

      e.     Not to construct or operate a casino conducting either Class II or Class III gaming as authorized by the Indian Gaming Regulatory Act, 25 U.S.C. 2701, et seq., within the geographical boundaries of the Town of Mashpee; provided that the Tribe may conduct bingo and other games as permitted by state law within the geographical boundaries of the Town of Mashpee with awards or prizes not greater than those allowed by state law, including under Mass. Gen. Law, c. 10, sec. 38, as that statute may be amended in the future, upon 30 days prior notice to and consultation with the Town.

    3.   **Effective Date.**   The terms of this Agreement shall be effective upon execution and the adoption of all approvals in Paragraphs 8a and 8b and shall remain in effect unless otherwise terminated or amended by the mutual written consent of duly authorized representatives the Tribe and the Town.

4.   **Dispute Resolution**.   Any claim or dispute concerning interpretation of this agreement or to determine or enforce the rights, duties or liabilities of either party under this agreement shall be resolved as follows:

a.      Either party may give written notice to the other party ("notice"), which specifies:  (a) the claimed violation of this agreement; (b) the corrective action which the party believes must be taken to cure the violation, and (c) a reasonable time limit within which the corrective action must be taken.

b.      Either Party may initiate arbitration proceedings if it believes the violation has not been cured within the time limit specified in the notice provided pursuant to Section 4(a) as follows:

i.      A party intending to demand arbitration shall first serve the other party with a written notice of that intent specifying: (a) the matters to be submitted to arbitration; (b) the nature of the relief to be sought in the arbitration; and (c) the name of the arbitrator proposed to be appointed by the party.

ii.      Within 15 days after the service of such a notice of intent, the other Party shall serve a written response specifying:  (a) any additional matters it intends to submit to arbitration; (b) the nature of any relief it may seek in the arbitration; and (c) the name of the arbitrator it proposes to appoint.

iii.      Within 15 days after the service of the response, the parties shall confer in good faith to attempt to agree on a single arbitrator and to

resolve the matters in dispute.  If they cannot agree, there shall be three arbitrators: the first arbitrator shall be the person named in the notice of intent; the second arbitrator shall be the person named in the response; and the third arbitrator shall be appointed by the first two arbitrators within 30 days after the service of the Response.  The Parties further agree that no arbitrator shall be a member or employee of the Tribe or the Town.  If either party fails to appoint an arbitrator or fails to appoint a successor arbitrator within 10 days after the incapacity or resignation of its previously appointed arbitrator, or if the first and second arbitrators fail to appoint a third arbitrator within 30 days after the service of the response, or fail to appoint a successor third arbitrator within 20 days after the incapacity or resignation of the previously appointed third arbitrator, then the arbitrator shall be selected by the Regional Vice-President of the American Arbitration Association for Massachusetts.

    iv.    All hearings and other proceedings in the arbitration shall be held at Mashpee, Massachusetts, unless otherwise agreed by the Parties. Meetings of the arbitrator or arbitrators may be in person or, in appropriate circumstances, by telephone.  All decisions of the arbitrator or the arbitration panel shall be by majority vote, shall be in writing and, together with any dissenting opinions, shall be delivered to both Parties.  The arbitrator or arbitration panel shall have power to administer oaths to witnesses, to take evidence under oath, and, by majority vote, to issue subpoenas to compel the attendance of employees and members of the Tribe or employees of the Town or for the production of

books, records, documents and other relevant evidence by either Party. The arbitrator or arbitration panel shall hold hearings in all proceedings, and shall give reasonable advance notice to both Parties by registered mail not less than five working days before any hearing. Appearance at a hearing waives such notice. The arbitrator or arbitration panel may hear and determine the controversy only upon evidence produced before it and may determine the controversy notwithstanding the failure of either Party duly notified to appear. The Parties are each entitled to be heard at all hearings, to present evidence material to the matter subject to arbitration, to cross-examine witnesses appearing at the hearing, and to be represented by counsel at their own expense. A transcript shall be kept of all proceedings before the arbitrator or arbitration panel. Except as necessary for the enforcement or judicial review of the arbitration decision, the parties and arbitrator or arbitration panel shall maintain the confidentiality of all such transcripts.

      v.      With respect to the matters submitted, the arbitrators shall have authority to:

      I.      issue appropriate interlocutory orders to mitigate damage or prevent irreparable injury to a Party;

      II.      render a final decision which:

      (A)      determines or declares the rights, duties, adequacy of performance, or breach of a Party under the agreement; and

60777-0001/LEGAL13494078.2

92977.1

(B)     awards appropriate injunctive or

declaratory relief for the benefit of either Party.

vi.     The decision of the arbitrator or arbitration panel shall

be conclusive and binding on the parties with respect to the matters decided, and

shall be complied with by the parties.  A party may enter the judgment of the

arbitrators and institute proceedings to enforce the decision in the Superior Court

for Barnstable County, which the parties agree shall enforce the judgment to the

fullest extent permitted by law.  In such judicial proceedings, each party shall bear

the costs and expenses for the presentation of its case, including fees of its

attorneys.

vii     All costs of arbitration, including the fees and

expenses of the arbitrators, shall be borne equally by the parties, provided that

each party shall bear the costs and expenses for the presentation of its case,

including the fees of its attorneys.

5.     **Waivers of Immunity.**

a.     The Town recognizes that the Tribe is a sovereign Indian

nation exempt from suit except to the extent the Tribe or Congress waives such

immunity.  The Tribe recognizes that the Town is a sovereign entity to the extent

provided by the Mashpee Home Rule Charter, Massachusetts Constitution, and

Massachusetts General Law.

b.     The Tribe and Town hereby each expressly waive their

respective sovereign immunity to the limited extent necessary to permit arbitration

and judicial review and enforcement of an arbitration decision by the Superior Court for Barnstable County, and shall not raise sovereign immunity as a defense to such proceedings, with respect to the following relief only:

        i.      declarations of the parties' rights, duties, adequacy of performance or breach of or under the Agreement;

        ii.      interlocutory or final orders directing either party to specifically perform its obligations under the Agreement;

        iii.      orders compelling a party to participate in arbitration commenced or enforcing an arbitration Decision or Judgment.

        iv.      neither party shall be liable for money damages, attorneys fees of the other party, or any costs whatever (other than its share of the costs of arbitration).

        c.      The Tribe shall not assert the Town's failure to exhaust tribal court remedies as a defense to any arbitration or judicial proceeding authorized in this agreement.

        6.      **Governing Law.**    This Agreement shall be governed by the laws of the United States of America, and where such laws are nonexistent or inapplicable, by the laws of the Commonwealth of Massachusetts. The parties agree that any adoption or utilization of Massachusetts State law is for purposes of contract construction only and is not intended to authorize, sanction, or endorse the application of the laws of the State of Massachusetts for any other purposes,

including consent to regulatory authority of the State or any political subdivision of the State.

7.    **Survival**.    The terms and conditions contained in Sections 4 and 5 shall survive any termination of this Agreement.

8.    **Authorization.**    The Tribe and the Town represent and warrant that each of the signatories hereto has the full power and authority to execute this Agreement and perform the obligations of the respective Parties in accordance with the terms and condition hereof, and that the representatives executing this Agreement on behalf of such Party have been duly and fully authorized to so execute and deliver this Agreement.

a.    The Tribe has authorized its officers to execute this Agreement by the adoption of Resolution No. 2008-RES-004 , dated February 20, 2008, a copy of which is attached hereto as Exhibit C.

b.    The Mashpee Town Meeting has authorized the Board of Selectmen to execute this Agreement by its vote under Article 1 of the Town Meeting held on April 7, 2008, a certified copy of which is attached hereto as Exhibit D.

9.    **Recording the Agreement.**    The Tribe agrees that it will take all steps necessary to ensure that title to any lands acquired from the Town pursuant to this Agreement, when accepted into trust by the Secretary of the Interior, for and on behalf of the United States, shall be subject to this Agreement and all applicable Federal law, and that the terms of this Agreement shall  be recorded

with the Barnstable County Registry of Deeds,  and that the Tribe as the owner of beneficial title to those lands, shall enjoy and be subject to all rights, privileges and obligations of this Agreement.

10.    **Best Efforts**.    The parties agree that they shall devote their best efforts to the fulfillment of their respective duties and obligations hereunder in accordance with the provisions of this Agreement.

11.    **Successors and Assigns; Assignment; Parties in Interest.**    The benefits and obligations of this Agreement shall inure to and be binding upon the Parties hereto, their respective successors and assigns; provided, however, that no Party may assign its interest or obligations hereunder, nor delegate its duties or obligations hereunder, without the prior written approval of the other Party, and without such other approvals as may be required by law.  Nothing in this Agreement, express or implied, is intended or shall be construed to give to any person other than the Parties hereto any right, remedy or claim under or by reason of this Agreement.

12.    **Severability**.    In the event that any portion of this Agreement is determined to be null, void or unenforceable by any court of competent jurisdiction, then the remaining provisions of this Agreement shall remain in full force and effect unless such result would defeat the general purposes and goals of this Agreement.

13.    **Entire Agreement.**    This Agreement embodies the entire understanding and agreement between the Parties and specifically supersedes all

prior agreements and understandings relating hereto.  The Parties acknowledge
that they are not relying upon any representations, warranties, conditions,
agreements or understandings, except as specified herein.

14.     **Amendments.**     This Agreement may be amended only by written
agreement of the Parties hereto.

         EXECUTED as a sealed instrument on the date first mentioned above.


**Town of Mashpee**                        **Mashpee Wampanoag Tribe**
By its Board of Selectmen                  By:
_____           _____
Chairman                                   Its:  _____

_____

_____

_____

_____

**EXHIBIT A**
**LANDS TO BE TAKEN INTO**
**TRUST IN MASHPEE**

| PARCEL | SIZE | CURRENT OWNER | CURRENT USE | PROPOSED USE | ZONE |
|---|---|---|---|---|---|
| 1 Map 61, Block 58A | 6,447 square feet, plus or minus (approximately 0.15 acres) | Town of Mashpee | Old Indian Meeting House | Old Indian Meeting House | R-3 Residential |
| 2 Map 68, Block 13A | 11.75 acres | Town of Mashpee | Town Cemetery | Continued cemetery preservation, upkeep and burial for families who have cemetery plots | R-3 Residential |
| 3 Map 27, Block 42 | 2 and ½ acres, more or less (Assessors' map 2.0 acres) | The Parish of Mashpee | the Parsonage | Historical, cultural and religious uses | R-5 Residential |
| 4 Map 35, Block 30 | ½ acre, more or less (Assessors' map 0.584 acres) | Mashpee Wampanoag Indian Tribal Council, Inc. | Tribe's Museum | Conveyance conditioned on use for educational, recreational and cultural services | R-5 Residential, Mashpee Center Overlay District |
| 5 Map 95, Block 7 + | Approximately 55 acres (Assessors' map 58.7 acres) | Mashpee Wampanoag Indian Tribal Council, Inc. | Tribal Council offices | Tribal Council Office, Administration and cultural and religious uses | R-3 Residential |
| 6 Map 45, Block 73A | 10.81 acres, more or less | Mashpee Wampanoag Indian Tribal Council, Inc. | Vacant land | Tribal housing | R-5 Residential |
| 7 Map 45, Block 75 | 46.82 acres | Old Indian Meeting House, Inc. | Vacant land | Tribal housing | R-5 Residential |
| 8 Map 125, Block 238 | (Assessors' map 0.361 acres) | Mashpee Wampanoag Indian Tribal Council, Inc. | Conservation land (burial ground) | Conservation land | R-3 Residential |
| 9 Map 99, Block 38 | Approximately 8.9 acres | Mashpee Wampanoag Tribe | Conservation land | Conservation land | R-3 Residential |
|  |  |  |  |  |  |

15

## EXHIBIT B

| PARCEL | SIZE | CURRENT OWNER | CURRENT USE | PROPOSED USE | ZONE |
|---|---|---|---|---|---|
| A<br>Map 106 | 4.6 acres<br>Punkhorn Point Site<br><br>See Map attached. | | Aquaculture/<br>Wampanoag<br>Shellfish Farm | Aquaculture/<br>Wampanoag<br>Shellfish Farm | |
| B<br>Map 106 | 8 acres<br>Popponesset Bay Site<br><br>See Map attached. | | Aquaculture/<br>Wampanoag<br>Shellfish Farm | Aquaculture/<br>Wampanoag<br>Shellfish Farm | |

60777-0001/LEGAL13494078.2

92977.1



17

# EXHIBIT C

# TRIBAL RESOLUTION

18



**Mashpee Wampanoag Tribe**
483 Great Neck Rd. P.O. Box 1048 Mashpee, MA 02649
Phone (508) 477-0208 Fax (508) 477-1218

## 2008-RES-004

# APPROVING AN INTERGOVERNMENTAL AGREEMENT (IGA) WITH THE TOWN OF MASHPEE

**WHEREAS**, the Mashpee Wampanoag Tribe has filed with the Department of Interior (DOI) an application for Land Into Trust which includes nine parcels in the Town of Mashpee; and

**WHEREAS**, the Town of Mashpee has agreed subject to a Special Town Meeting vote to convey four parcels of land to the Tribe and to remove certain restrictions to three other parcels which are owned by the Mashpee Wampanoag Indian Tribal Council; and

**WHEREAS**, the Town and the Tribe have agreed upon a proposed Intergovernmental Agreement (IGA) which provides for the conveyance of the aforementioned lots and the termination of restrictions on the aforementioned lots; and

**WHEREAS**, the Tribe has agreed upon execution of the IGA by the Town not to conduct gaming authorized under the Indian Gaming Regulatory Act (IGRA) in the Town of Mashpee; and

**WHEREAS**, the Tribe has agreed upon execution of the IGA by the Town not to file a land claim suit on behalf of the Tribe for privately owned lands and for Town owned lands; and

**WHEREAS**, the Town has agreed subject to a Special Town Meeting vote to support the Tribe's application with DOI; and

**WHEREAS**, the Town has agreed subject to a Special Town Meeting vote to withdraw its notification to DOI of its opposition to the Tribe's application for Land into Trust; and

**WHEREAS**, the Tribe has by a vote of its general membership approved the proposed IGA at a vote taken on Sunday, February 10, 2008 at which 132 enrolled Tribe members voted to advise the Tribal Council to enter into the IGA and 77 enrolled members of the Tribe voted not to advise the Tribal Council to enter into said agreement; and

**WHEREAS**, the Selectmen of the Town of Mashpee have voted to send articles to a Special Town Meeting accomplishing the promises and agreements exchanged herein; and

**WHEREAS**, the Special Town Meeting is to be conducted on April 7, 2008 at which a two-thirds majority of registered voters of the Town voting at the Special Town Meeting must approve the IGA; and

**WHEREAS**, the Selectmen of the Town of Mashpee will pursuant to that vote execute the IGA, an executed copy of which is attached hereto and signed by the Chairman and to be counter signed by the Town of Mashpee Board of Selectmen pursuant to the vote taken at the Special Town Meeting.

**THEREFORE, BE IT RESOLVED**, that the Mashpee Wampanoag Tribal Council at a regular meeting held on Wednesday, February 20, 2008 at which a quorum was present voted to authorize the signing and execution of this agreement by its Chairman, Shawn Hendricks.

Shawn W. Hendricks, Sr., Chairman

TRUE COPY ATTEST, February 20, 2008

Desire Hendricks Moreno, Secretary
Mashpee Wampanoag Tribe



**Mashpee Wampanoag Tribe**
483 Great Neck Rd. P.O. Box 1048 Mashpee, MA 02649
Phone (508) 477-0208 Fax (508) 477-1218

**Tribal Council Members**

_____ yes
Shawn W. Hendricks, Sr., Chairman

_____ YES
David Pocknett, Sr., Vice Chairman

_____ yes
Desire Hendricks-Moreno, Secretary

_____
Nellie Ramos, Treasurer

_____
Vernon Lopez, Chief

_____
Guy Cash, Medicine Man

_____ yes.
Richard Oakley, Council Member

_____
Martin Hendricks, Council Member

_____ NO
Aaron Tobey, Council Member

_____ yes
Yvonne Avant, Council Member

_____ Abstained
Cheryl Cromwell, Council Member

_____ yes
Robert Dias, Council Member

_____ Abstained
Cedric Cromwell, Council Member

## EXHIBIT D

## TOWN MEETING VOTE

60777-0001/LEGAL13494078.2

92977.1

Town of Mashpee
Special Town Meeting
April 7, 2008

Town Meeting convened at 7:02 pm
Quorum 100
Voters 338

Article 1

To see if the Town will vote to authorize the Board of Selectmen to enter into an
Inter-Governmental Agreement with the Mashpee Wampanoag Tribe of Massachusetts, a federally
recognized Indian tribe, upon such terms and conditions as the Selectmen deem advisable and in the best
interest of the Town, or take any other action relating thereto.

Submitted by the Board of Selectmen

**Explanation:** This Article seeks the authorization of the Town Meeting for execution of an Inter-
Governmental Agreement with the Mashpee Wampanoag Tribe of Massachusetts ("Tribe"). Upon the final
approval by the United States Department of the Interior of its petition for acknowledgment, the Tribe
obtained the status of sovereign governmental entity pursuant to and in accordance with the terms of
applicable Federal law. Acknowledged Indian Tribes frequently enter into Inter-governmental agreements
with municipalities, counties and/or states within which they acquire property in trust for reservation and
other tribal purposes which specify terms and conditions for the disposition of real estate interests and
claims, and address inter-governmental relationships between the Tribe and other sovereign governmental
entities. Representatives of the Tribe and Town have been engaged in discussions and negotiations for
nearly two years relative to the disposition of interests in certain real property located within the Town of
Mashpee, the disposition of potential claims or actions relative to certain Town owned and private owned
land located within Mashpee, the intentions of the Tribe to conduct gaming activities within the Town, and
other land use and regulation issues. The proposed Inter-governmental Agreement issued for public review
in February 2008 has been negotiated and endorsed by the Board of Selectmen and Mashpee Wampanoag
Tribal Council as the Chief Executive Boards of the Town and Tribe, respectively. This Article seeks
authorization of Town Meeting for execution of the proposed Agreement by the Board of Selectmen.

**The Board of Selectmen recommends approval by a vote of 5-0.**

**The Finance Committee recommends approval by a vote of 5 in favor; one abstention; one absent.**

Motion made by Selectman Theresa Cook.

**Motion:** I move that the Town vote to authorize the Board of Selectmen to enter into an Inter-
Governmental Agreement with the Mashpee Wampanoag Tribe upon such terms and conditions as the
Selectmen deem advisable and in the best interest of the Town.

<u>Majority Vote needed to pass</u> *(per G.L. c.40, s.4)*.

Motion passes by majority call by the Town Moderator at 7:18 PM.

A TRUE COPY, ATTEST

TOWN CLERK OF MASHPEE, MA

**Town of Mashpee**
**Special Town Meeting**
**April 7, 2008**

Town Meeting convened at 7:02 pm
Quorum 100
Voters 338

**Article 2**

To see if the Town will vote to authorize the Board of Selectmen to convey, grant and/or release to the Mashpee Wampanoag Tribe of Massachusetts (the "Tribe") the Town's title, rights, or interest in and to the following described parcels of real property, to file such petitions with the Massachusetts General Court as may be necessary to effect this conveyance, grant or release, and to execute any and all instruments necessary to convey, grant and /or release the Town's title, interest or rights, upon such terms and conditions as the Board of Selectmen shall deem to be in the interest of the Town; provided, that the Town and the Tribe shall have first executed an Inter-Governmental Agreement specifically providing the terms of disposition of the subject title, rights and/or interests:

**Parcel One:** The parcel of real estate, containing 6,447 sq. ft., more or less, together with any improvements thereon, identified on Mashpee Assessors Map 61 as Block 58A, and commonly known as the Old Indian Meeting House parcel;

**Parcel Two:** The parcel of land containing approximately 6.02 acres to 11.75 acres, identified on Mashpee Assessors Map 68 as Block 13A, currently utilized as a Town Cemetery;

**Parcel Three:** The parcel of land containing 2 1/2 acres, more or less identified on Mashpee Assessors Map 27 as Block 42, together with any improvements thereon, and commonly known as the Parsonage Parcel;

**Parcel Four:** The parcel of land containing 1/2 acre, more or less, identified on Mashpee Assessors Map 35 as Block 30, currently owned by the Mashpee Wampanoag Indian Tribal Council, Inc. and commonly referenced as the Indian Museum Parcel;

**Parcel Five:** The parcel containing approximately 58.7 acres, more or less, identified on Mashpee Assessors Map 95 as Block 7, currently owned by the Mashpee Wampanoag Indian Tribal Council, Inc. and used for Tribal Council office, administration, cultural and religious uses;

**Parcel Six:** The parcel containing approximately .361 acre, more or less, identified on Mashpee Assessors Map 125 as Block 238, currently owned by the Mashpee Wampanoag Indian Tribal Council, Inc. and used for conservation/burial ground purposes;

**Parcel Seven:** The parcel containing 4.6 acres, more or less, identified on Assessors Map 106, located off of Punkhorn Point and Gooseberry Island, currently utilized as a Wampanoag Aquaculture/Shellfish Farm site;

**Parcel Eight:** The parcel containing 8 acres, more or less, identified on Assessors Map 106, located in Popponesset Bay, currently utilized as a Wampanoag Aquaculture/Shellfish Farm site;

or take any other action relating thereto.

Submitted by the Board of Selectmen

**Explanation:** This Article seeks the authorization of Town Meeting for the conveyance and/or release of the Town's title, rights or interest in and to the eight parcels of real property identified in Paragraph 1(a) and Exhibits A and B of the Intergovernmental Agreement. As stated in the Agreement, upon conveyance of the Town's right, title and interest in the parcels identified as Parcels One through Six, the Tribe will pursue the pending petition to the United States Department of the Interior, Bureau of Indian Affairs ("BIA") for acceptance of said parcels into trust for the benefit of the Tribe, pursuant to Section 5 of the Indian Reorganization Act of 1934, *25 U.S.C. section 465*. All of these parcels have already been identified by the Tribe as prospective trust parcels in the Tribe's August 30, 2007 Application to the BIA which seeks trust designation for multiple parcels of land in Mashpee and Middleborough. Upon authorization of the subject conveyance/release of rights by Town Meeting, the Selectmen will, in consideration of and subject to the terms of the Intergovernmental Agreement, execute all instruments necessary to convey the Town's rights, title and interest in the subject parcels, and they will withdraw the Town's previously filed comments objecting to the Tribe's pending BIA land into trust Application. Parcels Seven and Eight are Wampanoag Shellfish Farms located in Popponesset Bay which, have, for several years been cultivated, maintained and harvested by the Tribe pursuant to licenses and permits granted

by the Town. The Town has agreed in the Intergovernmental Agreement to convey to the Tribe any right, title or interest of the Town in these two parcels for continued aquaculture/ shellfish farm use and/or to support steps necessary for these parcels to be taken into trust for this purpose. Any conveyance of Town owned land, or any interest therein, must be authorized by a 2/3 vote of the Town Meeting.

**The Board of Selectmen recommends approval by a vote of 5-0.**

**The Finance Committee recommends approval by a vote of 5 in favor; one abstention; one absent.**

**Motion made by Selectman Theresa Cook.**

**Motion:** I move that the Town vote to transfer the use of the following parcels of property to the status of land held for disposition, and to authorize the Board of Selectmen to convey, grant and/or release to the Mashpee Wampanoag Tribe, upon such terms and conditions as the Selectmen deem to be in the best interest of the Town, the Town's title, right or interest in and to the following parcels of land:

Parcel One:  The fee interest of the Town in the parcel of real estate, containing 6,447 sq. ft., more or less, together with any improvements located thereon, identified on Mashpee Assessors Map 61 as Block 58A, and commonly known as the Old Indian Meeting House parcel;

Parcel Two:  The fee interest of the Town in the parcel of land containing approximately 11.75 acres, identified on Mashpee Assessors Map 68 as Block 13A, currently utilized as a Town Cemetery;

Parcel Three: The fee interest of the Town in the parcel of land containing approximately 2.5 acres, more or less identified on Mashpee Assessors Map 27 as Block 42, together with any improvements located thereon, and commonly known as the Parsonage Parcel;

Parcel Four:  The restrictions and/or reverter rights encumbering the parcel of land containing .50 acre, more or less, identified on Mashpee Assessors Map 35 as Block 30, currently owned by the Mashpee Wampanoag Indian Tribal Council, Inc. and commonly known as the Indian Museum Parcel;

Parcel Five: The restrictions and/or reverter rights encumbering the parcel containing approximately 58.7 acres, more or less, identified on Mashpee Assessors Map 95 as Block 7, currently owned by the Mashpee Wampanoag Indian Tribal Council, Inc. and used for Tribal Council office, administration, cultural and religious uses; and

Parcel Six: The restrictions and/or reverter rights encumbering the parcel containing approximately .361 acre, more or less, identified on Mashpee Assessors Map 125 as Block 238, currently owned by the Mashpee Wampanoag Indian Tribal Council, Inc. and used for conservation/burial ground purposes;

And to authorize the Board of Selectmen to execute and record any agreements, instruments or deeds necessary to effect such conveyances, grants and/or releases; and, further, to authorize the Board of Selectmen to petition the Massachusetts General Court for such legislation as may be necessary to effect any such conveyance, grant or release; provided, that the Town and Tribe shall have first executed an Inter-Governmental Agreement or Agreements specifying the terms of disposition of the Town's title, rights and/or interests in the subject real property.

<u>Two-Thirds Vote needed *(per G.L. c.40, s.15 and 15A).*</u>

Motion passes by a rule of 2/3rds vote called by the moderator at 7:25 PM.

A TRUE COPY, ATTEST

TOWN CLERK OF MASHPEE, MA

RIDER  A

April 22, 2008

The Town and Tribe hereby acknowledge that this Intergovernmental Agreement ("Agreement"), at some future time within the scope of the proceedings relating to the Tribe's pending Petition to the Department of the Interior ("Department") to take into trust title to the parcels of real property identified in Exhibit A, may be subject to approval by the Department under the provisions of 25 U.S.C. s.81 ("Section 81"). The parties hereby acknowledge that, to the extent such approval is determined by the Department to be a prerequisite to the validity and/or enforceability of this Agreement as it pertains to Indian lands, notwithstanding the fact that this Agreement is entered into prior to any Indian land designation, such Section 81 approval is a material term of the Agreement for purposes of the Town's duty to convey its title and interest in and to the parcels itemized in Exhibit A. The Tribe's consideration for this Agreement contains two provisions, the first of which is a promise to refrain from conducting gaming under the Indian Gaming Regulatory Act ("IGRA") in the Town and the second is a promise to waive and release any and all claims of right, title or interest in any privately or publicly owned lands in the Town.  The Town and Tribe hereby expressly acknowledge that these provisions are, and shall in the future be, mutually binding on the Tribe and Town and are enforceable as a contract

pursuant to the laws of the Commonwealth of Massachusetts, regardless of whether or when Section 81 approval is obtained.

As of the date of this Rider, the Town has exercised diligent efforts to obtain the Department's approval of this Agreement under Section 81 or, alternatively, the Department's written determination that Section 81 does not apply to the Agreement. The Department has declined to make either of these determinations at this time and has indicated that it will not provide approval under Section 81 until such time as the decision to place the land into trust is made.

Accordingly, The Town and Tribe hereby agree, as a condition to the Town's agreement to effect the transfer all of its right, title and interest in the real property identified as Parcels 1, 2, 3, 4, 5 and 8 in Exhibit A as follows:

In the event that the Department shall notify the Tribe that it does not approve the Agreement under Section 81 the Tribe and the Town hereby agree to negotiate in good faith to amend the agreement in an effort to secure approval under Section 81.

Executed on this 22nd day of April, 2008 as Rider A to the Intergovernmental Agreement appended hereto by the duly authorized representatives/agents of the Town of Mashpee and Mashpee Wampanoag Tribe.

**Town of Mashpee**
By its Board of Selectmen

_[signature]_

Chairman

_[signature]_

_[signature]_

_[signature]_

_[signature]_

**Mashpee Wampanoag Tribe**
By:

_[signature]_

Its: _[signature]_

MASHPEE WAMPANOAG TRIBAL COUNCIL

RESOLUTION NO. 10

**AUTHORIZING AND REAUTHORIZING THE CHAIRMAN TO EXECUTE AND DELIVER THE INTERGOVERNMENTAL AGREEMENT (IGA), RIDER A TO THE IGA, AND THE TOWN CEMETERY PARCEL MEMORANDUM OF AGREEMENT TO THE TOWN OF MASHPEE.**

WHEREAS, the Tribal Council on February 20, 2008, voted to authorize the Chairman to execute and deliver the Intergovernmental Agreement to the Town of Mashpee; and

WHEREAS, on April 2, 2008, the Tribal Council authorized the Chairman to execute the Cemetery Parcel Memorandum of Agreement with the Town of Mashpee; and

WHEREAS, on April 7, 2008, the citizens of the Town of Mashpee voted at a Special Town Meeting to approve the execution by the Town of the Intergovernmental Agreement; and

WHEREAS, the citizens of the Town of Mashpee also voted to approve the conveyance of the Cemetery parcel, the Meeting House, and the Parsonage to the Tribe; and

WHEREAS, the Town of Mashpee also voted support the Tribe's application for placing nine parcels of land into trust and to remove certain restrictions on three of those nine parcels; and

WHEREAS, the Tribe approves the terms of said Rider A attached to this Resolution to the IGA which provides that "In the event that the Department shall notify the Tribe that it does not approve the Agreement under Section 81, the Tribe and the Town hereby agree should negotiate in good faith to amend the Agreement in an effort to secure approval under Section 81" from the Department; and

**THEREFORE, BE IT RESOLVED,** that the Mashpee Wampanoag Tribal Council at a regular meeting held on Wednesday, April 16, 2008 at which a quorum was present voted to authorize the signing and execution of these documents by its Chairman, Shawn W. Hendricks, Sr.

_____
Shawn W. Hendricks, Sr., Chairman

TRUE COPY ATTEST, April 16, 2008

_____
Desire Hendricks Moreno, Secretary
Mashpee Wampanoag Tribe



**Mashpee Wampanoag Tribe**

MASHPEE WAMPANOAG TRIBAL COUNCIL

RESOLUTION NO. 2008-RES-010

**AUTHORIZING AND REAUTHORIZING THE CHAIRMAN TO EXECUTE AND DELIVER THE INTERGOVERNMENTAL AGREEMENT (IGA), RIDER A TO THE IGA, AND THE TOWN CEMETERY PARCEL MEMORANDUM OF AGREEMENT TO THE TOWN OF MASHPEE.**

WHEREAS, the Tribal Council on February 20, 2008, voted to authorize the Chairman to execute and deliver the Intergovernmental Agreement to the Town of Mashpee; and

WHEREAS, on April 2, 2008, the Tribal Council authorized the Chairman to execute the Cemetery Parcel Memorandum of Agreement with the Town of Mashpee; and

WHEREAS, on April 7, 2008, the citizens of the Town of Mashpee voted at a Special Town Meeting to approve the execution by the Town of the Intergovernmental Agreement; and

WHEREAS, the citizens of the Town of Mashpee also voted to approve the conveyance of the Cemetery parcel, the Meeting House, and the Parsonage to the Tribe; and

WHEREAS, the Town of Mashpee also voted support the Tribe's application for placing nine parcels of land into trust and to remove certain restrictions on three of those nine parcels; and

WHEREAS, the Tribe approves the terms of said Rider A attached to this Resolution to the IGA which provides that "In the event that the Department shall notify the Tribe that it does not approve the Agreement under Section 81, the Tribe and the Town hereby agree should negotiate in good faith to amend the Agreement in an effort to secure approval under Section 81" from the Department; and

**THEREFORE, BE IT RESOLVED,** that the Mashpee Wampanoag Tribal Council at a regular meeting held on Wednesday, April 16, 2008 at which a quorum was present voted to authorize the signing and execution of these documents by its Chairman, Shawn W. Hendricks, Sr.

Shawn W. Hendricks, Sr., Chairman

TRUE COPY ATTEST, April 16, 2008

Desire Hendricks Moreno, Secretary
Mashpee Wampanoag Tribe

483 Great Neck Road, South P.O. Box 1048, Mashpee, MA 02649     (508) 477-0208   (508) 477-1218 fax

RIDER A

April _16_, 2008

The Town and Tribe hereby acknowledge that this Intergovernmental Agreement ("Agreement"), at some future time within the scope of the proceedings relating to the Tribe's pending Petition to the Department of the Interior ("Department") to take into trust title to the parcels of real property identified in Exhibit A, may be subject to approval by the Department under the provisions of 25 U.S.C. s.81 ("Section 81"). The parties hereby acknowledge that, to the extent such approval is determined by the Department to be a prerequisite to the validity and/or enforceability of this Agreement as it pertains to Indian lands, notwithstanding the fact that this Agreement is entered into prior to any Indian land designation, such Section 81 approval is a material term of the Agreement for purposes of the Town's duty to convey its title and interest in and to the parcels itemized in Exhibit A. The Tribe's consideration for this Agreement contains two provisions, the first of which is a promise to refrain from conducting gaming under the Indian Gaming Regulatory Act ("IGRA") in the Town and the second is a promise to waive and release any and all claims of right, title or interest in any privately or publicly owned lands in the Town.   The Town and Tribe hereby expressly acknowledge that these provisions are, and shall in the future be, mutually binding on the Tribe and Town and are enforceable as a contract pursuant to the laws of the Commonwealth of Massachusetts, regardless of whether or when Section 81 approval is obtained.

As of the date of this Rider, the Town has exercised diligent efforts to obtain the Department's approval of this Agreement under Section 81 or, alternatively, the Department's written determination that Section 81 does not apply to the Agreement. The Department has declined to make either of these determinations at this time and has indicated that it will not provide approval under Section 81 until such time as the decision to place the land into trust is made.

Accordingly, The Town and Tribe hereby agree, as a condition to the Town's agreement to effect the transfer all of its right, title and interest in the real property identified as Parcels 1, 2, 3, 4, 5 and 8 in Exhibit A as follows:

In the event that the Department shall notify the Tribe that it does not approve the Agreement under Section 81 the Tribe and the Town hereby agree to negotiate in good faith to amend the agreement in an effort to secure approval under Section 81.

Executed on this ___16___ day of April, 2008 as Rider A to the Intergovernmental Agreement appended hereto by the duly authorized representatives/agents of the Town of Mashpee and Mashpee Wampanoag Tribe.


Town of Mashpee
By its Board of Selectmen

_____
Chairman

_____

_____

_____

_____


Mashpee Wampanoag Tribe
By:

Its: Chairman

## TOWN CEMETERY PARCEL
## MEMORANDUM OF AGREEMENT

This Memorandum of Agreement is entered into as of this 22nd day of April 2008, by and between the Mashpee Wampanoag Tribe, a federally recognized Indian Tribe, whose address is 483 Great Neck Road South, P.O. Box 1048, Mashpee, MA 02649 (the "Tribe") and the Town of Mashpee, a municipal corporation and political subdivision of the Commonwealth of Massachusetts, whose address is 16 Great Neck Road North, Mashpee, MA 02649 (the "Town"), collectively referred to herein as the "Parties".

WHEREAS, the Tribe and the Town have negotiated an Intergovernmental Agreement, whereby the Parties have agreed to certain terms and conditions relative to the intergovernmental relationship between the Tribe, as a federally recognized American Indian Tribe pursuant to 25 C.F.P.R. Part 83, and the Town as a municipal corporation and political subdivision of the Commonwealth of Massachusetts;

WHEREAS, said Intergovernmental Agreement has been approved by the Mashpee Wampanoag Tribal Council pursuant to Tribal Resolution Number 2008-RES-004, dated February 20, 2008, and by the vote of the Town of Mashpee under Article 1 of the Mashpee Special Town Meeting on April 7, 2008;

WHEREAS, pursuant to the terms of the Intergovernmental Agreement, the Town has agreed to convey to the Tribe all right, title and interest of the Town in and to nine (9) parcels of real property located in the Town of Mashpee, as identified in Exhibit A to the Intergovernmental Agreement;

EXHIBIT A

PARCEL 1

The land with the building thereon situated in the Town of Mashpee as shown on a plan of land prepared for the Old Indian Meeting House Authority, Inc. in Mashpee, Mass dated March 29, 2007 and prepared by Mary Ellen Streeter, Registered Professional Land Surveyor of Holmes and McGrath, Inc. which land contains the Old Indian Meeting House bounded and described as follows:

WESTERLY by Meeting House Road 70.03 (seventy and three hundredth) feet.

SOUTHERLY by land now or formerly of the Town of Mashpee 86.92 (eighty-six and ninety-two hundredth) feet.

EASTERLY by land now or formerly of the Town of Mashpee 70 (seventy) feet.

NORTHERLY by land now or formerly of the Town of Mashpee 98.78 (ninety-eight and seventy-eight hundredth) feet.

This parcel contains 6,447 plus or minus square feet and is identified by the Town of Mashpee as Parcel 58A.  Title reference Barnstable Registry of Deeds, Book 121, Page 139.