COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.

SUPERIOR COURT
No. $BACV2013-579$

| | |
|---|---|
| ROBERT D. EMMELUTH, TRUSTEE<br>of the GOOSEBERRY ISLAND TRUST,<br>    Plaintiff,<br><br>v.<br><br>JONATHAN D. FURBUSH, WILLIAM A.<br>BLAISEDELL, RONALD S. BONVIE,<br>DOMINGO K. DeBARROS, RICHARD<br>JODKA, JUDITH M. HORTON, AND<br>JAMES REIFFARTH as they are Members<br>of the MASHPEE ZONING BOARD OF<br>APPEALS, and THE MASHPEE ZONING<br>BOARD OF APPEALS,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

## PRELIMINARY STATEMENT

1.  This is an appeal, pursuant to M.G.L. c. 40A, § 17, of three decisions of

    the Mashpee Zoning Board of Appeals that were filed with the Town

    Clerk on October 22, 2013 and which purport to deny the petition of the

    Plaintiff, Robert D. Emmeluth, Trustee of the Gooseberry Island Trust,

    for three variances from the Mashpee Zoning Bylaw that are necessary

    to construct a single-family dwelling on property owned by the Trust.

TROY WALL
ASSOCIATES
ATTORNEYS AND
COUNSELLORS AT LAW
90 ROUTE 6A
SANDWICH, MASSACHUSETTS
02563-1866

PHONE: (508) 888-5700

## PARTIES

2.     The Plaintiff, Robert D. Emmeluth, is the Trustee of the Gooseberry
       Island Trust ("Gooseberry Island Trust" or "Trust"), under a declaration
       of trust dated September 2, 2011 and recorded with the Barnstable
       Registry District of the Land Court as Document No. 1,173,403, a
       Massachusetts nominee trust with a business address of care of
       Boudreau & Boudreau, LLP, 396 North Street, Hyannis, Barnstable
       County, Massachusetts 02601.

3.     The Defendants, Jonathan D. Furbush, William A. Blaisdell, Ronald S.
       Bonvie, Domingo K. DeBarros, Richard Jodka, Judith M. Horton, and
       James Reiffarth, are the members of the Mashpee Zoning Board of
       Appeals and, in that capacity, have a principal business address of 16
       Great Neck Road North, Mashpee, Barnstable County, Massachusetts
       02649.

4.     The Defendant, Town of Mashpee Zoning Board of Appeals ("Board of
       Appeals" of "Board"), is the duly constituted Zoning Board of Appeals
       for the Town of Mashpee and has a principal business address of 16
       Great Neck Road North, Mashpee, Barnstable County, Massachusetts
       02649.

TROY WALL
ASSOCIATES
ATTORNEYS AND
COUNSELLORS AT LAW
90 ROUTE 6A
SANDWICH, MASSACHUSETTS
02563-1866

PHONE: (508) 888-5700

2

## FACTUAL ALLEGATIONS

5.   The Plaintiff, Gooseberry Island Trust, is the owner of a 3.9 acre island located in Popponesset Bay in Mashpee known as Gooseberry Island (the "Property"). The Trust's ownership is evidenced by Certificate of Title No. 195170 recorded in the Barnstable Registry District of the Land Court.

6.   The Property is situated in a residential zoning district (R-3).

7.   The Trust seeks to build a single family residence on the Property.

8.   Since the Property is an island entirely surrounded by water, it does not have any frontage on a street and is more than 150 feet away from a paved roadway.

9.   Consequently, in order to build a residence, the Trust requires relief from three provisions of the Mashpee Zoning Bylaw:

   a. Section 174-12 – which requires the Property to have frontage on a street;

   b. Section 174-31 – which requires the Property to have 150 feet of frontage on a street; and

   c. Section 174-32 – which requires the Property to have an unobstructed paved access roadway within 150 feet of the furthest point of any building on the Property.

TROY WALL
ASSOCIATES
ATTORNEYS AND
COUNSELLORS AT LAW
90 ROUTE 6A
ANDWICH, MASSACHUSETTS
02563-1866

PHONE: (508) 888-5700

3

10.  In order to obtain the necessary relief, the Gooseberry Island Trust filed a petition with the Mashpee Zoning Board of Appeals, on or about August 29, 2013, requesting variances from these three sections of the Zoning Bylaw.

11.  On October 9, 2013, the Board of Appeals held a public hearing on the Trust's petition.

12.  At the close of the hearing, the Board voted 4 to 1 to deny the petition.

13.  On October 22, 2013, the Board of Appeals filed three separate written decisions with the Town Clerk denying the Trust's petition. Each of the decisions addressed one of the three variances that the Trust requested. True and accurate copies of the decisions are attached hereto as Exhibits A, B and C.

14.  In essence, the Board denied the Trust's petition because of concerns with public safety, provision of emergency services to the island, and with whether the Trust demonstrated a hardship.

15.  The Gooseberry Island Trust contends that it demonstrated hardship because, given that the Property is an island surrounded by water, there are circumstances relating to the soil conditions, shape or topography that affect the land but do not affect generally the zoning district within

TROY WALL
ASSOCIATES
ATTORNEYS AND
COUNSELLORS AT LAW
90 ROUTE 6A
SANDWICH, MASSACHUSETTS
02563-1866
PHONE: (508) 888-5700

4

which the land is located and these circumstances preclude construction without relief.

16.   The Trust also addressed the Board's concerns with public safety and the provision of emergency services by proposing to install a sprinkler system for fire suppression in the proposed dwelling.  The Fire Chief reviewed this proposal and wrote a letter to the Board of Appeals confirming that, with the fire sprinkler system, he was not opposed to granting relief from Section 174-32 or the other zoning requirements having to do with road access.

17.   The Plaintiff is aggrieved by the decisions of the Board of Appeals.

## COUNT I
## ZONING APPEAL PURSUANT TO M.G.L. CHAPTER 40A, §17

18.   The Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 17.

19.   The Plaintiff is a person aggrieved, within the meaning of M.G.L. Chapter 40A, § 17, by the decisions of the Mashpee Zoning Board of Appeals.

TROY WALL
ASSOCIATES
ATTORNEYS AND
COUNSELLORS AT LAW
90 ROUTE 6A
SANDWICH, MASSACHUSETTS
02563-1866

PHONE: (508) 888-5700

20.    The decisions of the Zoning Board of Appeals denying the Trust's

petition for variances are erroneous, in excess of the Board's authority,

arbitrary, capricious and whimsical.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court

to issue an Order and Judgment:

A.    Declaring that the decisions of the Mashpee Zoning Board of
Appeals exceeded the Board's authority, are against the weight
of the evidence, are arbitrary, capricious, unreasonable and are
null and void;

B.    Ordering that the decisions of the Mashpee Zoning Board of
Appeals issued on October 22, 2103 be vacated and annulled;
and

C.    Granting such other and further relief as the Court may deem just
and appropriate under the circumstances.

DATED: November 5, 2013                    Respectfully submitted,
                                           For the Plaintiff,
                                           Robert D. Emmeluth, Trustee of the
                                           Gooseberry Island Trust,
                                           By their Attorney,


                                           Brian J. Wall
                                           BBO# 560063
                                           Troy Wall Associates
                                           90 Route 6A
                                           Sandwich, MA 02563
                                           (508) 888-5700

TROY WALL
ASSOCIATES
ATTORNEYS AND
COUNSELLORS AT LAW
90 ROUTE 6A
SANDWICH, MASSACHUSETTS
02563-1866

PHONE: (508) 888-5700

6

# EXHIBIT "A"



*Town of Mashpee*

16 Great Neck Road North
Mashpee, Massachusetts 02649

## MASHPEE ZONING BOARD OF APPEALS
### DECISION FOR A VARIANCE
### V-2013-44

Robert D. Emmeluth, Trustee of                    Certificate of Title # 195170
Gooseberry Island Trust                           Plan#: 25209-A
c/o Boudreau & Boudreau
0 Gooseberry Island
Map 100 Parcel 6-0-R

    A Petition was filed on August 29, 2013 requesting a Variance from Article V §174-12 of the Zoning By-laws requiring frontage on a street and direct access to a paved town, county or state road or street as defined in said Section in order to construct a single family residence on property located in an R-3 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

    Notice was duly given to abutters in accordance with Massachusetts General Laws Chapter 40A. Notice was given by publication in The Mashpee Enterprise, a newspaper of general circulation in the Town of Mashpee, on September 20, 2013 and September 27, 2013 a copy of which is attached hereto and made a part hereof.

    On October 9, 2013, Public Hearings were held on the Petition at the Mashpee Town Hall at which time the following members of the Board were present and acting throughout: Chairman, Jonathan D. Furbush, Vice Chairman, William A. Blaisdell, Board Members, James Reiffarth and Richard Jodka, and Associate Member, Domingo K. DeBarros.

    The Mashpee Zoning Board of Appeals issues this Decision pursuant to the provisions of Massachusetts General Laws Chapter 40A §9 and the Town of Mashpee Zoning By-laws.

    Attorney Kevin Kirrane representing the Petitioner, Gooseberry Island Trust in connection with the application for variance relief. Kevin handed the Board an outline of his remarks relative to the application including photographs of the actual Island taken from various locations.

    Mr. Kirrane stated in his outline, Exhibit A depicts a copy of the land court decree plan dating back to 1954 which shows a structure situated in the middle of the Island. He also included Exhibit B of an Affidavit of Robert J. Nelson, Jr. who owned the property for more than 50 years and indicated the use of the property and how it was accessed.

1

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA  02649
V-2013-44

Exhibit C of the outline is an email from former Fire Chief George W. Baker, dated August 12, 2013 stating he does not object to the construction of one single-family residential structure on the lot provided upon submitting a condition relative to the installation of sprinklers within the particular dwelling. Mr. Kirrane also attached Exhibits D and D-1, Variance Decisions issued by the Zoning Board relative to properties located at 80 and 84 Punkhorn Point Road that were granted similar relief.

Mr. Kirrane stated the applicant is seeking relief from the requirements of frontage The Island has existed before the adoption of zoning in the Town and before the adoption of any frontage requirements pursuant to zoning by-laws in the Town. The Island is situated in a residentially zoned area and in the past was the site of small cottage or camp that was used by the previous owners and current owners. Although no structure exists today, it was used in the past years for fishing, hunting and other recreational activity.

Mr. Kirrane stated that variances are difficult to obtain and there is certain criteria the Board must consider. The first relates to soil conditions, shape or typography of the land or structures which especially effect this particular lot and not generally affecting the Zoning District that this lot or parcel is located. In addition, the applicant should be able to demonstrate the existence of a hard-ship, and finally the relief be granted without substantial detriment to the public good or without nullifying or substantially derogating from the intent of the by-law.

Mr. Kirrane stated the lot itself is in excess of 3 acres and the proposed dwelling to be located on the lot would conform in all other respects to Zoning requirements and obviously there would be a need for the applicant to submit plans to Conservation and Board of Health when the time arises to propose a single-family dwelling on the lot. He also mentioned the submitted plan shows the approximate location of the dwelling and where it would be situated.

<u>Conservation Comments:</u>

October 4, 2013 emailed received from Andrew McManus, Conservation Agent; "This will require a filing with the Conservation Department- Certified delineations of flood zone(s), coastal banks, salt marsh, bordering vegetated wetlands and/or any rare species habitat(s) must be supplied to the Conservation Commission for any and all disturbances within 100 feet of the aforementioned wetland resource areas- ref. Chapter 172-1 of the Mashpee wetland by-law & 310 CMR 10.00- State Wetlands Protection Act."

2

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA  02649
V-2013-44

Mr. Furbush stated the plot plan depicts the setback from the wetlands to 100 feet on the left side and does not show the distance between the proposed house and wetlands. The required setback is 150 feet. The setback from the house and wetlands is 50 feet. He also stated the plan shows the flood zone as A11 which means the first floor of the dwelling would require to be 11 feet above water. He stated that he would not entertain any motion until he received definitive answers from other Boards.

Mr. Furbush stated there are specific questions to be addressed such as emergency access and disturbance of the wetlands. He is very concerned if three years from now someone has a medical emergency. He asked Mr. Thomas Rullo, Acting Fire Chief who was present at the meeting what the time-line the State allows to arrive at a particular house and the guideline.

Fire Department Comments:

August 12, 2013 email received from Fire Chief Baker stating; "I have met with the principles of the proposed residential occupancy on Gooseberry Island. As noted in the attached correspondence they will agree as a condition of a zoning wavier to install a residential fire sprinkler system. Due to the fact that they are taking this action I am not opposed to a waiver of 174-32 or other zoning requirements that have to do with road access. Please communicate this information to the Zoning Board of Appeals."

Thomas Rullo, Acting Fire Chief, addressed the Board to comment and answer any specific safety questions. He stated the only access to the Island is by boat and there would be a delay because there is no direct access. He stated there is an NFPA guideline, but Chief Baker had a guideline that he tried to uphold for over 20 years and that is a 6-7 minute mark, and would not be able to meet this time. Under normal circumstances, it's going to be delayed. Under adverse weather conditions, he was not sure he could arrive at all. He stated that former Fire Chief Baker had asked or was rendering an answer to the question of the building of the house and does not pertain to the access. He stated that Fire Chief Baker only addressed the house and not access. He stated that the sprinkler system is not designed to put out a fire. A sprinkler system is designed to contain the fire so the Fire Department has time to respond to a structure and put the fire out. The sprinkler system is designed to give the occupants more time to exit the home safely. This is for any structure whether commercial or residential.

Mr. Rullo stated the only access to the Island would be by boat from the Mashpee Neck dock location. He stated the boat is stored at the main fire station off Route 151.

3

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-44

## Board of Health Comments:

October 9, 2013 emailed received from Glen Harrington, Mashpee Health Agent; "The October 4, 2013 plan depicts a septic system that is 100' from wetland but it does not meet the BOH 150' setback requirement for a coastal bank. A potable well must be proven before a building permit is issued. The BOH well setback requirement is 150'. This will be treated as new construction as no septic permits exist or evidence of previous occupied dwellings on the Island exist in BOH records".

## Harbormaster Comments:

October 7, 2013 emailed received from Stephen Mone, Harbormaster stating; he wanted to know how the occupants would access the island, a dock on island, a dock on mainland, or bridge. He also stated the Tribe has a working shellfish grant around the island that may restrict access.

## Public Comments:

Vice Chairman, Mr. Blaisdell read letters submitted to the Board by abutters that reside at 70 Punkhorn Point Road, 77 Punkhorn Point Road, 79 Punkhorn Point Road, 85 Punkhorn Point Road and 89 Punkhorn Point Road that were in favor of the proposed project.

Several abutters and Representatives of the Mashpee Wampanoag Tribe were present and addressed the Board and spoke in opposition. Jessie (Little Doe) Baird, Vice Chairman of the Mashpee Wampanoag Tribe stated her concerns the applicant had no regard for conditions of the Island or the shellfish grant. Attorney Charles Savon, representing his client that resides at 84 Punkhorn Point Road opposed stating this variance is a "self-imposed" hardship and does not qualify under case law as a hardship and inconsistent with the bylaw of a lot fronting a street. Tribal Chairman, Cedric Cromwell approached the Board stating he is strongly against the proposal besides safety and health is environment concerns for Popponesset Bay. John Weltman, of 80 Punkhorn Point Road spoke in opposition regarding safety issues. George Green, Assistant Director of the Natural Resource Department for the Tribe is opposed to the project and described the detail of the shellfish grant and hope to reach the 90% TMDL benchmark lowering sewer costs for the Town.

## General Findings:

Gooseberry Island consists of 3.9 acres.

4

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA  02649
V-2013-44

<u>Specific Criteria:</u>

§174-12      Location of Building on Lots; Street Layout:
No building shall be erected except on a lot fronting on a street, and there
shall be not more than one (1) principle building on any residential lot,
except as allowed under this chapter. For the purpose of adequate access to
a parcel of land proposed for subdivision or division, there shall be required
direct access from the parcel or lot to a paved town, county or state road or
a street for which a road covenant has been released by the Planning Board
or a street having a right-of-way layout and construction meeting at least
the minimum layout width, pavement, drainage and other street
requirements of the Mashpee Subdivision Regulations and Planning Board
for subdivision streets.

Mr. Furbush concluded stating the several concerns with this project were medical
emergencies, public safety, the question of hardship and the Tribe's comments on the effect
of the oyster beds and septic system.

The Board, upon review of the testimony and evidence, determined that the
proposed Variance would not advance the Town's interest in maintaining the public safety
in further grant of Variance would in fact derogate from the underline purpose and intent
of the Zoning By-laws.

In view of the foregoing, the Board made a motion on October 9, 2013 at the Public
Hearings of the Zoning Board of Appeals and voted as follows: Mr. Jonathan D. Furbush,
denied, Mr. William A. Blaisdell, denied, Mr. James Reiffarth, denied, Mr. Richard Jodka,
in favor, Mr. Domingo K. DeBarros, denied, the Petitioner, Robert D. Emmeluth, Trustee,
Gooseberry Island Trust request for a Variance from Article V §174-12 of the Zoning By-
laws requiring frontage on a street and direct access to a paved town, county or state road
or street as defined in said Section in order to construct a single family residence on
property located in an R-3 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-
R), Mashpee, MA. Referencing plot plan from BSS Design Engineering and Surveying, of
Gooseberry Island, Mashpee, MA prepared for Gooseberry Island Trust dated October 4,
2013.

5

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-44

IN FAVOR: _____   TO DENY: _____
Jonathan Furbush

IN FAVOR: *WAB 10-15-13*   TO DENY: *Wa Blaisdell*
William A. Blaisdell

IN FAVOR: _____   TO DENY: _____
James Reiffarth

IN FAVOR: _____   TO DENY: _____
Richard Jodka

IN FAVOR: _____   TO DENY: _____
Domingo K. DeBarros

This Decision has been duly filed on October 22, 2013 with the Town Clerk of Mashpee. Any Appeals shall be made pursuant to Section 17 of the Massachusetts General Laws Chapter 40A within Twenty days after the date of said filing.

This Decision is effective when a Certified Copy is filed at the Barnstable County Registry of Deeds. A Certified Copy may be obtained from the Town Clerk the next business day after the expiration of the 20-day Appeal phase, which lasts through November 11, 2013.

Special Permits shall lapse two years after date of grant. Appeals shall lapse one year after date of grant. If the rights authorized by a Variance are not exercised within one year of date of grant of such Variance, such rights shall lapse unless: (1) substantial use or construction has commenced, or (2) a Petition for a six-month extension has been filed prior to the expiration date, or (3) the property that is the subject of the Variance has been conveyed in reliance on said Variance prior to the expiration date of such one year period.

6

EXHIBIT "B"



*Town of Mashpee*

16 Great Neck Road North
Mashpee, Massachusetts 02649

## MASHPEE ZONING BOARD OF APPEALS
### DECISION FOR A VARIANCE
### V-2013-45

Robert D. Emmeluth, Trustee of                    Certificate of Title # 195170
Gooseberry Island Trust                           Plan#: 25209-A
c/o Boudreau & Boudreau
0 Gooseberry Island
Map 100 Parcel 6-0-R

A Petition was filed on August 29, 2013 requesting a Variance from Article V §174-31 of the Zoning By-laws requiring a 150' of frontage on a street in order to construct a single family residence on property located in an R-3 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

Notice was duly given to abutters in accordance with Massachusetts General Laws Chapter 40A. Notice was given by publication in The Mashpee Enterprise, a newspaper of general circulation in the Town of Mashpee, on September 20, 2013 and September 27, 2013 a copy of which is attached hereto and made a part hereof.

On October 9, 2013, Public Hearings were held on the Petition at the Mashpee Town Hall at which time the following members of the Board were present and acting throughout: Chairman, Jonathan D. Furbush, Vice Chairman, William A. Blaisdell, Board Members, James Reiffarth and Richard Jodka, and Associate Member, Domingo K. DeBarros.

The Mashpee Zoning Board of Appeals issues this Decision pursuant to the provisions of Massachusetts General Laws Chapter 40A §9 and the Town of Mashpee Zoning By-laws.

Attorney Kevin Kirrane representing the Petitioner, Gooseberry Island Trust in connection with the application for variance relief. Kevin handed the Board an outline of his remarks relative to the application including photographs of the actual Island taken from various locations.

Mr. Kirrane stated in his outline, Exhibit A depicts a copy of the land court decree plan dating back to 1954 which shows a structure situated in the middle of the Island. He also included Exhibit B of an Affidavit of Robert J. Nelson, Jr. who owned the property for more than 50 years and indicated the use of the property and how it was accessed.

1

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA  02649
V-2013-45

Exhibit C of the outline is an email from former Fire Chief George W. Baker, dated August 12, 2013 stating he does not object to the construction of one single-family residential structure on the lot provided upon submitting a condition relative to the installation of sprinklers within the particular dwelling. Mr. Kirrane also attached Exhibits D and D-1, Variance Decisions issued by the Zoning Board relative to properties located at 80 and 84 Punkhorn Point Road that were granted similar relief.

Mr. Kirrane stated the applicant is seeking relief from the requirements of frontage The Island has existed before the adoption of zoning in the Town and before the adoption of any frontage requirements pursuant to zoning by-laws in the Town. The Island is situated in a residentially zoned area and in the past was the site of small cottage or camp that was used by the previous owners and current owners. Although no structure exists today, it was used in the past years for fishing, hunting and other recreational activity.

Mr. Kirrane stated that variances are difficult to obtain and there is certain criteria the Board must consider. The first relates to soil conditions, shape or typography of the land or structures which especially effect this particular lot and not generally affecting the Zoning District that this lot or parcel is located. In addition, the applicant should be able to demonstrate the existence of a hard-ship, and finally the relief be granted without substantial detriment to the public good or without nullifying or substantially derogating from the intent of the by-law.

Mr. Kirrane stated the lot itself is in excess of 3 acres and the proposed dwelling to be located on the lot would conform in all other respects to Zoning requirements and obviously there would be a need for the applicant to submit plans to Conservation, and Board of Health when the time arises to propose a single-family dwelling on the lot. He also mentioned the submitted plan shows the approximate location of the dwelling and where it would be situated.

<u>Conservation Comments:</u>

October 4, 2013 emailed received from Andrew McManus, Conservation Agent; "This will require a filing with the Conservation Department- Certified delineations of flood zone(s), coastal banks, salt marsh, bordering vegetated wetlands and/or any rare species habitat(s) must be supplied to the Conservation Commission for any and all disturbances within 100 feet of the aforementioned wetland resource areas- ref. Chapter 172-1 of the Mashpee wetland by-law & 310 CMR 10.00- State Wetlands Protection Act."

2

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-45

Mr. Furbush stated the plot plan depicts the setback from the wetlands to 100 feet on the left side and does not show the distance between the proposed house and wetlands. The required setback is 150 feet. The setback from the house and wetlands is 50 feet. He also stated the plan shows the flood zone as A11 which means the first floor of the dwelling would require to be 11 feet above water. He stated that he would not entertain any motion until he received definitive answers from other Boards.

Mr. Furbush stated there are specific questions to be addressed such as emergency access and disturbance of the wetlands. He is very concerned if three years from now someone has a medical emergency. He asked Mr. Thomas Rullo, Acting Fire Chief who was present at the meeting what the time-line the State allows to arrive at a particular house and the guideline.

Fire Department Comments:

August 12, 2013 email received from Fire Chief Baker stating; "I have met with the principles of the proposed residential occupancy on Gooseberry Island. As noted in the attached correspondence they will agree as a condition of a zoning wavier to install a residential fire sprinkler system. Due to the fact that they are taking this action I am not opposed to a waiver of 174-32 or other zoning requirements that have to do with road access. Please communicate this information to the Zoning Board of Appeals."

Thomas Rullo, Acting Fire Chief, addressed the Board to comment and answer any specific safety questions. He stated the only access to the Island is by boat and there would be a delay because there is no direct access. He stated there is an NFPA guideline, but Chief Baker had a guideline that he tried to uphold for over 20 years and that is a 6-7 minute mark, and would not be able to meet this time. Under normal circumstances, it's going to be delayed. Under adverse weather conditions, he was not sure he could arrive at all. He stated that former Fire Chief Baker had asked or was rendering an answer to the question of the building of the house and does not pertain to the access. He stated that Fire Chief Baker only addressed the house and not access. He stated that the sprinkler system is not designed to put out a fire. A sprinkler system is designed to contain the fire so the Fire Department has time to respond to a structure and put the fire out. The sprinkler system is designed to give the occupants more time to exit the home safely. This is for any structure whether commercial or residential.

Mr. Rullo stated the only access to the Island would be by boat from the Mashpee Neck dock location. He stated the boat is stored at the main fire station off Route 151.

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-45

## Board of Health Comments:

October 9, 2013 emailed received from Glen Harrington, Mashpee Health Agent; "The October 4, 2013 plan depicts a septic system that is 100' from wetland but it does not meet the BOH 150' setback requirement for a coastal bank. A potable well must be proven before a building permit is issued. The BOH well setback requirement is 150'. This will be treated as new construction as no septic permits exist or evidence of previous occupied dwellings on the Island exist in BOH records".

## Harbormaster Comments:

October 7, 2013 emailed received from Stephen Mone, Harbormaster stating; he wanted to know how the occupants would access the island, a dock on island, a dock on mainland, or bridge. He also stated the Tribe has a working shellfish grant around the island that may restrict access.

## Public Comments:

Vice Chairman, Mr. Blaisdell read letters submitted to the Board by abutters that reside at 70 Punkhorn Point Road, 77 Punkhorn Point Road, 79 Punkhorn Point Road, 85 Punkhorn Point Road and 89 Punkhorn Point Road that were in favor of the proposed project.

Several abutters and Representatives of the Mashpee Wampanoag Tribe were present and addressed the Board and spoke in opposition. Jessie (Little Doe) Baird, Vice Chairman of the Mashpee Wampanoag Tribe stated her concerns the applicant had no regard for conditions of the Island or the shellfish grant. Attorney Charles Savon, representing his client that resides at 84 Punkhorn Point Road opposed stating this variance is a "self-imposed" hardship and does not qualify under case law as a hardship and inconsistent with the bylaw of a lot fronting a street. Tribal Chairman, Cedric Cromwell approached the Board stating he is strongly against the proposal besides safety and health is environment concerns for Popponesset Bay. John Weltman, of 80 Punkhorn Point Road spoke in opposition regarding safety issues. George Green, Assistant Director of the Natural Resource Department for the Tribe is opposed to the project and described the detail of the shellfish grant and hope to reach the 90% TMDL benchmark lowering sewer costs for the Town.

## General Findings:

Gooseberry Island consists of 3.9 acres.

4

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA  02649
V-2013-45

## Specific Criteria:

§174-31. Land Space Requirements Table.
History: Amended 5-8-1989, STM, Article 4, approved by Attorney General 8-10-1989.
History: Amended 10-7-1991 ATM, Articles 13 and 24, approved by Attorney General 2-3-1992.
§174-31.  Land Space Requirements Table
History:  Amended 5-8-1989, STM, Article 4, approved by Attorney General 8-10-1989.
History:  Amended 10-7-1991 ATM, Articles 13 and 24, approved by Attorney General 2-3-1992.

### Town of Mashpee - Land Space Requirements Table [9,10]

| Zoning District | Minimum Lot Size [12] (square feet) | Minimum Lot Frontage [1,2,13] (feet) | Minimum Building Setback to Lot Lines [22] | | | Maximum Building Height [4,17,18,21] | | Maximum Lot Coverage [1,6] (percent) |
|---|---|---|---|---|---|---|---|---|
| | | | Front [3,5,6,19, 20,] (feet) | Rear [3,5, 19,23] (feet) | Side [3,5,19, 23] (feet) | (Stories) | (feet) | |
| Residence Districts | | | | | | | | |
| R-3 | 40,000 | 150 | 40 | 15 | 15 | 2 1/2 | 35 | 20[5] |
| R-5 | 80,000 | 150 | 40 | 25 | 25 | 2 1/2 | 35 | 20[5] |
| Commercial Districts | | | | | | | | |
| C-1 | 40,000 | 200 | 40[14] | 40[8] | 20[8] | 2 | 35 | 25[5] |
| C-2 | 40,000 | 200 | 75[14] | 20[5,8] | 20[8] | 2 | 35 | 20[5] |
| C-3[20] | 40,000 | 200 | 75 | 20 | 20 | 2 ½ | 35 | 20 |
| Industrial Districts | | | | | | | | |
| I-1 | 40,000 | 200 | 75[11,15] | 50 | 30[8] | 2 | 35 | 25 |

Land Space Requirements Table Footnotes
1 For lots where any part of the front lot line is on an arc of a curve with a radius of three hundred (300) feet or less, lot frontage may be measured along a straight line connecting the points of intersection of the side lot lines with the minimum building setback line applicable to the lot under this bylaw.
History: Amended 10-7-1996, ATM, Article 29, approved by Attorney General 12-9-1996.
2 Not less than the frontage requirements shall be maintained throughout the front yard depth, except as provided for in Note 1 above.
3 On lots abutting streets or public ways on more than one (1) side, the front setback requirements shall apply to each of the abutting street and public ways. In the case of undefined ways, the measurements shall be taken from the center of the road and an additional twenty (20) feet shall be required.
History: Amended 10-2-2000 ATM, Article 33, approved by Attorney General 1-12-2001.

5

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA  02649
V-2013-45

4 These height restrictions shall not apply to chimneys, water towers, skylights and other necessary features appurtenant to buildings which are usually carried above roofs and are not used for human occupancy nor to wireless or broadcasting towers and other like unenclosed structures, except that when any structure or portion of a structure is proposed to exceed forty (40) feet in height, construction shall require a Federal Aviation Administration (FAA) Determination of No Hazard or evidence of exemption for the determination process.  Other than for those items excepted above, height shall be measured from the average original grade of the land adjacent to the foundation line of any proposed structure (prior to the clearance of the natural vegetation from said site) to any applicable point on a structure. Except for a traditional widow's walk of up to one hundred (100) square feet in area, roof decks will be permitted only if located directly on top of the first or second story of any building.

History: Amended 10-16-2006 ATM, Article 30, approved by Attorney General 2-13-2007.

5 See Article IX regarding motels, attached dwellings and apartments.

History: Amended 12-9-2002 STM, Article 11, approved by Attorney General 2-19-2003.

6 A dwelling need not be set back more than the average of the setbacks of dwellings on the lots adjacent to either side. If a vacant lot exists on one (1) side, it shall be considered as a dwelling set back the depth of the required front yard.

7 Except no requirement when the side of a building abuts another building.

8 Except fifty (50) feet when abutting a residential zone (except residentially zoned land which is a part of the same parcel on which the industrial or commercial use lies and which cannot be later separated or developed for residential use).

History: Amended 5-8-1989 ATM, Article 4, approved by Attorney General 8-10-1989.

9 Floodplain restrictions are set forth in Article XI.

10 All land space requirements shall apply to accessory uses.

11 Except that no building in any industrial district may be located within 150 feet of Routes 28 or 151.

History: Amended 5-5-2003 ATM, Article 26, approved by Attorney General 8-27-2003.

12 Any water or wetland as defined under MGL C. 131, §40, any existing or proposed street, any roadway right-of-way or easement twenty (20) feet or more in width or any overhead utility right-of-way or easement twenty (20) feet or more in width may not be counted toward minimum lot size requirements.

History: Amended 10-7-1991 ATM, Article 24, approved by Attorney General 2-3-1992.

13 Minimum lot frontage for lots fronting only on Routes 28 and 151 shall be six hundred (600) feet.

14 No building may be located within 75 feet of Routes 28 and 151, Great Neck Road South and North or Route 130 west of Great Neck Road (except within the Mashpee Center Overlay District) and, except for permitted signs and one (1) access driveway involving clearance of a path no more than forty (40) feet in width, any land within fifty (50) feet of said roads shall be left as a wooded buffer area in its natural state, except that said area may be reduced by the Planning Board as part of its decision on a special permit approved under §174-45.1 or §174-46. Where such area is not naturally wooded, it shall be suitably planted with sufficient trees and under story vegetation, of a type common in natural areas of Mashpee, to replicate a naturally wooded area and to constitute a visual barrier between the proposed development and the roadway. Under no circumstances will parking, retention ponds, or any other development involving natural vegetation be permitted within said area.  Limited, appropriate tree surgery or similar limited maintenance required to protect the health of vegetation in this area may be allowed with the approval of the special permit authority which originally authorized the project which included said area or, if no special permit was required, with the approval of a majority of the Planning Board. In Commercial and Industrial Districts, any land within the side and rear lot lines shall have at a minimum a ten (10) foot vegetated buffer, either in its natural state or in accordance with a landscape plan approved by the Design Review Committee, with the recommendation made to the Zoning Board of Appeals or the Planning Board. Said buffer may be waived, as part of a special permit decision, where the special permit granting authority determines that such buffer would be inappropriate for the area and where there is a written agreement to said waiver by the abutting property owner. History: Amended 5-1-2000 ATM, Article 32, approved by Attorney General 8-7-2000.

6

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-45

History: Amended 10-2-2000 ATM, Article 33, approved by Attorney General 1-12-2001.
History: Amended 10-20-2003 ATM, Article 15, approved by Attorney General 11-14-2003.
History: Amended 10-16-2006 ATM, Article 28, approved by Attorney General 2-13-2007.
15 Where a lot in any industrial districts fronts on Routes 28, 151 or 130, except for permitted signs and one (1) access driveway involving clearance of a path no more than forty (40) feet in width, the first one hundred (100) feet of the front setback area shall be left wooded and in its natural state. Where such area is not naturally wooded, it shall be suitable landscaped with a sufficient number of trees or a type common in Mashpee to constitute a visual barrier between the proposed development and the roadway. Under no circumstances will parking, retention ponds or any other development involving clearance of natural vegetation be permitted within said area. Nothing herein is intended to prohibit appropriate tree surgery or similar maintenance of vegetation in this buffer area.
16 Any water or wetland, as defined under MGL C.131, §40, any existing or proposed street or any roadway, right-of-way or easement twenty (20) feet or more in width may not be counted toward lot size for the purpose of calculating maximum lot coverage. For lots in any cluster subdivision, maximum lot coverage shall be thirty (30) percent.
History: Added 10-7-1991 ATM, Article 24, approved by Attorney General 2-3-1992.
History: Amended 10-7-1996, ATM Article 28, approved by Attorney General 12-9-1996.
17 Except as otherwise allowed under §174-46, Open space incentive development.
History: Added 10-7-1991 ATM, Article 24, approved by Attorney General on 2-3-1992.
18 Maximum height within the Popponesset Overly District shall be thirty (30) feet, subject to the provisions of Footnote 4 of this table. Minimum lot size shall be 6000 square feet, minimum frontage sixty (60) feet, minimum building setbacks 25 feet front, 15 feet rear and 15 feet side and maximum of lot coverage twenty (20) percent.
History: Added 5-3-1993 ATM, Article 12, approved by Attorney General 7-19-1993.
History: Amended 5-6-1997, ATM, Article 46, approved by Attorney General 9-25-1997.
19 These setback requirements shall not apply to the following building projections provided they do not exceed the sizes specified, as measured from the foundation line along a line perpendicular to the nearest property line: chimney projecting no more than three (3) feet, house overhang projecting no more than two (2) feet, roof overhang projecting no more than three and one-half (3 1/2) feet, and open decks or platforms used for egress projecting no more than four (4) feet. These setback requirements shall also not apply to stairs required as a means of egress, basement bulkhead of the hatch door type or handicapped access ramps on private property used solely for the purpose of facilitating ingress or egress of a physically handicapped person, as defined in MGL C. 22, §13A.
History: Added 10-4-1993 ATM, Article 26, approved by Attorney General 10-18-1993.
20 Minimum front building setback within the Mashpee Overlay District shall be twenty (20) feet and maximum allowed building setback for the principal structure on a lot shall be forty (40) feet.
Except as required by §174-25.1.
History: Added 10-4-1999 ATM, Article 29, approved by Attorney General 1-11-2000.
History: Amended 10-7-2002 ATM, Article 22, approved by Attorney General 11-27-2002
21 Except that hotels and motels (and not other uses) approved by the Planning Board under the provisions of §174-45 may be increased to three (3) stories and forty five (45) feet, if approved by the Board, provided that there is adequate access for Fire Department vehicles and equipment and that all Fire Protection Construction Documents required by 780 CMR Subsection 903.1.1 of the Massachusetts State Building Code, have been submitted to the Planning Board and Fire Department as part of the special permit application and the Board is satisfied that the standards of said Subsection will be met.
History: Amended 10-18-2004 ATM, Article 40, approved by Attorney General 12-16-2004
22 Minimum front building setback within the Mashpee Center Overlay District shall be twenty (20) feet and maximum allowed building setback for the principal structure on a lot shall be forty (40) feet.
History: Added 10-17-2005 ATM, Article 18, approved by Attorney General 3-7-2006
23 Minimum required setback from rear or side property lines shall be five (5) feet for sheds or similarly noninhabitable structures not exceeding 120 square feet in floor area or twelve (12) feet in height.
History: Added 10-17-2005 ATM, Article 13, approved by Attorney General 3-7-2006

7

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA  02649
V-2013-45

Mr. Furbush concluded stating the several concerns with this project were medical emergencies, public safety, the question of hardship and the Tribe's comments on the effect of the oyster beds and septic system.

The Board, upon review of the testimony and evidence, determined that the proposed Variance would not advance the Town's interest in maintaining the public safety in further grant of Variance would in fact derogate from the underline purpose and intent of the Zoning By-laws.

In view of the foregoing, the Board made a motion on October 9, 2013 at the Public Hearings of the Zoning Board of Appeals and voted as follows: Mr. Jonathan D. Furbush, denied, Mr. William A. Blaisdell, denied, Mr. James Reiffarth, denied, Mr. Richard Jodka, in favor, Mr. Domingo K. DeBarros, denied, the Petitioner, Robert D. Emmeluth, Trustee, Gooseberry Island Trust request for a Variance from Article V §174-31 of the Zoning By-laws requiring a 150' of frontage on a street in order to construct a single family residence on property located in an R-3 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA. Referencing plot plan from BSS Design Engineering and Surveying, of Gooseberry Island, Mashpee, MA prepared for Gooseberry Island Trust dated October 4, 2013.

8

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-46

Board of Health Comments:

October 9, 2013 emailed received from Glen Harrington, Mashpee Health Agent; "The October 4, 2013 plan depicts a septic system that is 100' from wetland but it does not meet the BOH 150' setback requirement for a coastal bank. A potable well must be proven before a building permit is issued. The BOH well setback requirement is 150'. This will be treated as new construction as no septic permits exist or evidence of previous occupied dwellings on the Island exist in BOH records".

Harbormaster Comments:

October 7, 2013 emailed received from Stephen Mone, Harbormaster stating; he wanted to know how the occupants would access the island, a dock on island, a dock on mainland, or bridge. He also stated the Tribe has a working shellfish grant around the island that may restrict access.

Public Comments:

Vice Chairman, Mr. Blaisdell read letters submitted to the Board by abutters that reside at 70 Punkhorn Point Road, 77 Punkhorn Point Road, 79 Punkhorn Point Road, 85 Punkhorn Point Road and 89 Punkhorn Point Road that were in favor of the proposed project.

Several abutters and Representatives of the Mashpee Wampanoag Tribe were present and addressed the Board and spoke in opposition. Jessie (Little Doe) Baird, Vice Chairman of the Mashpee Wampanoag Tribe stated her concerns the applicant had no regard for conditions of the Island or the shellfish grant. Attorney Charles Savon, representing his client that resides at 84 Punkhorn Point Road opposed stating this variance is a "self-imposed" hardship and does not qualify under case law as a hardship and inconsistent with the bylaw of a lot fronting a street. Tribal Chairman, Cedric Cromwell approached the Board stating he is strongly against the proposal besides safety and health is environment concerns for Popponessett Bay. John Weltman, of 80 Punkhorn Point Road spoke in opposition regarding safety issues. George Green, Assistant Director of the Natural Resource Department for the Tribe is opposed to the project and described the detail of the shellfish grant and hope to reach the 90% TMDL benchmark lowering sewer costs for the Town.

General Findings:

Gooseberry Island consists of 3.9 acres.

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-46

**Specific Criteria:**

§174-32        Fire protection:
To ensure that all buildings shall be accessible to Fire Department apparatus by way of access roadways capable of supporting firefighting apparatus with an all-weather surface roadway, there shall be an unobstructed, paved access roadway of not less than twenty (20') feet with a vertical clearance of not less than thirteen (13') feet six (6") inches with all corners having a minimum inside radius of not less than twenty-eight (28') feet and a minimum outside radius of not less than forty-six (46') feet. Said access roadway shall be constructed to a point not less than one hundred fifty (150') feet from the furthest point of any building on the lot. Where there is a lot with only a one-family dwelling and/or a residential accessory building, such access, where it lies within the lot, may be by a maintained all-weather surface driveway, constructed by any combination and manipulation of soils, with or without admixtures, which produce a firm mass capable of supporting fire apparatus in all weather conditions and having an improved surface width of twelve (12') feet and a cleared width of sixteen (16') feet.
History: Added 5-6 1985, ATM, Article 22, approved by Attorney General 9-12-1985.
History: Amended 10-3-1994, ATM, Article 18, approved by Attorney General 1-18-1995.

Mr. Furbush concluded stating the several concerns with this project were medical emergencies, public safety, the question of hardship and the Tribe's comments on the effect of the oyster beds and septic system.

The Board, upon review of the testimony and evidence, determined that the proposed Variance would not advance the Town's interest in maintaining the public safety in further grant of Variance would in fact derogate from the underline purpose and intent of the Zoning By-laws.

In view of the foregoing, the Board made a motion on October 9, 2013 at the Public Hearings of the Zoning Board of Appeals and voted as follows: Mr. Jonathan D. Furbush, denied, Mr. William A. Blaisdell, denied, Mr. James Reiffarth, denied, Mr. Richard Jodka, in favor, Mr. Domingo K. DeBarros, denied, the Petitioner, Robert D. Emmeluth, Trustee, Gooseberry Island Trust request for a Variance from Article VII §174-32 of the Zoning By-laws requiring Fire Department apparatus access as defined in said Section to allow for the construction of a single family residence on property located in an R-3 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

MASHPEE ZONING BOARD OF APPEALS
Robert D. Emmeluth, Trustee
0 Gooseberry Island, (Map 100 Parcel 6-0-R)
Mashpee, MA 02649
V-2013-46

IN FAVOR: _____     TO DENY: _____
                                      Jonathan Furbush

IN FAVOR: _____     TO DENY: _____
                                      William A. Blaisdell

IN FAVOR: _____     TO DENY: _____
                                      James Reiffarth

IN FAVOR: _____     TO DENY: _____
             Richard Jodka

IN FAVOR: _____     TO DENY: _____
                                      Domingo K. DeBarros

This Decision has been duly filed on October 22, 2013 with the Town Clerk of Mashpee. Any Appeals shall be made pursuant to Section 17 of the Massachusetts General Laws Chapter 40A within Twenty days after the date of said filing.

This Decision is effective when a Certified Copy is filed at the Barnstable County Registry of Deeds. A Certified Copy may be obtained from the Town Clerk the next business day after the expiration of the 20-day Appeal phase, which lasts through November 11, 2013

Special Permits shall lapse two years after date of grant. Appeals shall lapse one year after date of grant. If the rights authorized by a Variance are not exercised within one year of date of grant of such Variance, such rights shall lapse unless: (1) substantial use or construction has commenced, or (2) a Petition for a six-month extension has been filed prior to the expiration date, or (3) the property that is the subject of the Variance has been conveyed in reliance on said Variance prior to the expiration date of such one year period.

TOWN OF MASHPEE
MASHPEE ZONING BOARD OF APPEALS
PUBLIC HEARINGS NOTICE
OCTOBER 9, 2013
The Mashpee Zoning Board of Appeals will hold Public Hearings on Wednesday, October 9, 2013 at 6:00 p.m. (Waquoit Meeting Room) at the Mashpee Town Hall, 16 Great Neck Road North, on the following:

NEW HEARINGS
Robert D. Emmeluth, Trustee: Requests a Variance from Article V §174-22.2 of the Zoning By-laws requiring frontage on a street and direct access to a paved town, county or state street or street as defined in said Section in order to construct a single family residence of property located in an R-5 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

Robert D. Emmeluth, Trustee: Requests a Variance from Article V §174-31 of the Zoning By-laws requiring a 12% of frontage on a street in order to construct a single family residence on property located in an R-5 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

...MASHPEE TOWN CLERK
Mashpee Zoning Board of Appeals
September 20, 27, 2013

OCT 22 2013

RECEIVED BY _____

6