COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                                     SUPERIOR COURT
                                                                    CIVIL ACTION
                                                                    NO. 2017-00340

MATTHEW HANEY, trustee[1]

vs.

DEPARTMENT OF ENVIRONMENTAL PROTECTION & others[2]

### MEMORANDUM OF DECISION AND ORDER ON PARTIES' CROSS-MOTIONS FOR JUDGMENT ON THE PLEADINGS

Matthew Haney, the plaintiff, is trustee of the Gooseberry Island Trust, which owns a vacant 3.5 acre island off the mainland of Mashpee, Gooseberry Island. The plaintiff brought an action for judicial review under G. L. c. 30A, § 14 of a decision of the defendant Department of Environmental Protection ("DEP") denying a permit to build a single-lane bridge from a strip of land on the mainland, also owned by the plaintiff as trustee of the SN Trust, across a shallow channel to the island, thereby providing sufficient access to build a single-family home on the property. The matter is now before the court on the parties' cross-motions for judgment on the pleadings. For the following reasons, the plaintiff's motion is **DENIED**, while the defendants' motions are **ALLOWED**, and DEP's Final Decision is **AFFIRMED**.

### BACKGROUND

The plaintiff first sought approval for bridge access to Gooseberry Island by filing a notice of intent with the defendant Conservation Commission of Mashpee under both the Mashpee Wetlands Protection Bylaw and the Massachusetts Wetlands Protection Act, G. L. c.

---

[1] Of Gooseberry Island Trust and SN Trust
[2] Conservation Commission of Mashpee, Robert A. Wolpe, Michelle A. Wolpe, James C. Atkins, John J. Weltman, Mashpee Wampanoag Tribe, Barbara Jonas, Sarah Spruill, Norman Dias, Joanne Frye, Elsie Pocknett, Jessie Baird, Charles Foster, Marcy Hendricks, Latoya Green, Maria Scott, George Green, and Nancy Martin

131, § 40 ("WPA"). The notice of intent proposed a timber bridge with sixteen piles placed in bordering salt marsh. The project was opposed by the intervenor defendants, including several owners of abutting properties and the Mashpee Wampanoag Tribe, which has shellfishing rights in the surrounding tidal flats. The commission denied the notice of intent, issuing its decision on February 11, 2015, thirty-four days after closure of the public hearing on the matter. The commission found that the project failed to comply with both WPA regulations and local bylaw performance standards.

The plaintiff thereafter sought superseding review from the DEP, arguing that the project met WPA standards and that the commission's decision was untimely, thereby ceding its enforcement of the local bylaw. The DEP issued a denial superseding order of conditions, finding that the proposed timber bridge did not meet WPA performance standards because of the adverse effects of salt marsh destruction and shading.

The plaintiff requested an adjudicatory hearing with the DEP to appeal the denial. During the pendency of the appeal, and after consultation with staff at a DEP branch office, the plaintiff submitted a revised proposal for an open-lattice steel bridge with pilings located outside the bordering salt marsh. After hearing, the DEP declined to review and approve the revised plan. The DEP's Final Decision found that while the DEP had superseding authority over the local bylaw because of the commission's untimely decision on the timber proposal, the DEP still could not review the revised project because the steel bridge plans significantly differed from the original timber proposal and increased impacts on salt marsh and land containing shellfish. Additionally, the Final Decision found that denial superseding order of condition on the original timber proposal must stand, because the plaintiff waived any objections to that decision by

submitting the revised steel proposal. For those reasons, the DEP ruled that the plaintiff was required to return to commission and reapply for a new permit based on the revised plans.

## DISCUSSION

Judicial review under the Administrative Procedures Act is narrow and deferential to the agency, *Buchanan* v. *Contributory Ret. Appeal Bd.*, 65 Mass. App. Ct. 244, 246 (2005); but it is not abdication, *Arnone* v. *Commissioner of Dept. of Soc. Servs.*, 43 Mass. App. Ct. 33, 34 (1997). A court may set aside an agency decision only if the court determines that the substantial rights of any party may have been prejudiced because the decision is in violation of constitutional provisions; in excess of statutory authority or jurisdiction of the agency; based upon an error of law; based on unlawful procedure; unsupported by substantial evidence; unwarranted by facts found by the court on the record as submitted; or arbitrary, capricious, or an abuse of discretion. G. L. c. 30A, §14(7)(a)-(g).

The party challenging the agency's decision bears the burden of demonstrating the invalidity of the administrative determination. *Merisme* v. *Bd. of Appeals of Motor Vehicle Liab. Policies & Bonds*, 27 Mass. App. Ct. 470, 474 (1989). The court must give "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." *Doe, SORB No. 10216* v. *SORB*, 447 Mass. 779, 787 (2006), quoting G. L. c. 30A, § 14(7). An agency's interpretation of its own regulations is also entitled to considerable deference and must be upheld unless it is inconsistent with the plain language of the regulation or otherwise arbitrary or unreasonable. *Hurst* v. *State Ballot Law Comm'n*, 428 Mass. 116, 120 (1998).

Here, the plaintiff argues that the DEP's decision refusing to review the revised plan was based on errors of law and unlawful procedure. Specifically, the plaintiff argues that the DEP

3

misapplied its policy on reviewing revised plans, improperly placed the burden of proof on the plaintiff, and failed to consider proposed mitigation conditions. The court will address each purported error in turn.

### 1. Plan Change Policy

The plaintiff asserts that the DEP erroneously applied a particular policy, Wetlands Program Policy 91-1: Plan Changes, to decline review of the revised proposal for a steel bridge. Under this policy, the DEP "may accept project revisions at any time while a [Notice of Intent] is under appeal," but will not consider "plan changes" that "are deemed to be substantially different from the plan acted upon by the Conservation Commission and which are referenced in the Order of Conditions." *Id.* The policy defines "plan changes" to include both changes to the proposed "project configuration," as well as "changes which result from the introduction of new information which changes the amount or type of resource area impact." *Id.* The policy further defines substantial plan changes as "those changes [1] which significantly modify the project configuration and [2] which result in increased impacts to wetlands resource areas." The policy places upon the applicant the burden to "demonstrate that the plan change [was] insubstantial." However, the DEP still has broad discretion to consider substantial plan changes in certain exceptional circumstances, such as when "the Conservation Commission has failed to act on the Notice of Intent." *Id.*

The plaintiff argues that the revised project properly fell within that exception to the policy, as demonstrated by the DEP's additional finding that the commission's decision was not issued within twenty-one days of the closure of public hearings on the timber bridge proposal. Thus, the plaintiff concludes, the DEP erred as a matter of law in finding that the revised project

4

was ineligible for review under the policy, and should have addressed the merits of the revised plan's compliance with WPA performance standards.

The court credits the DEP's argument that the plain language of the policy is permissive and discretionary, where it states that the agency "*may* accept plan changes that are substantial." *Id.* (emphasis added). See *Provencal* v. *Commonwealth Health Ins. Connector Auth.*, 456 Mass. 506, 513 (2010) ("The use of the word 'may' denotes a discretionary power."). The court must defer to the DEP's reasonable interpretation of its policy as not mandating any exercise of that discretion, even if an enumerated exception is present. See *Hurst*, 428 Mass. at 120. See also *Matter of Mark Fernandes*, Docket No. 2001-191, 2004 WL 3973624, *2 (Mar. 18, 2004) (DEP "has considerable discretion, when a project comes before it, to decide whether to accept for review a revised project or to require an applicant to begin anew before the local conservation commission."). For those reasons, the plaintiff cannot demonstrate that he was erroneously deprived of a right to review of a substantially changed plan under this policy.

## 2. Burden of Proof

Next, the plaintiff argues that the DEP hearing officer improperly applied the burden of proof at the adjudicatory hearing. See 310 Code Mass. Regs. § 10.05(7)(j)(3)(b) (petitioners have "the burden of going forward pursuant to 310 C.M.R. § 10.03(a) and proving [their] direct case by a preponderance of the evidence"); 310 Code Mass. Regs. § 10.03(2) ("The burden shall be upon the person contesting the Department's position when the department has requested to hold an adjudicatory hearing."). Specifically, the plaintiff claims the project opponents, not the plaintiff, properly held the burden of proof, and that the preponderance of the evidence standard was incorrectly applied.

The plaintiff concedes that he held the burden of proof upon first initiating the appeal of the DEP's denial superseding order of conditions. However, the plaintiff claims that the burden shifted to the opponents when he submitted revised plans detailing the steel bridge proposal. The plaintiff characterizes the revised proposal as reflecting the "approval" of the DEP itself, because it was submitted after staff at one of the DEP's regional offices indicated that the steel bridge complied with WPA performance standards and could be reviewed under the Plan Change Policy. Thus, in the plaintiff's view, it was now the opponents, not the plaintiff, who were "contesting the Department's position" and thus had the burden of proof.

The DEP interprets its regulations to place the burden of proof on the petitioning party at the time the appeal is initiated, regardless of any opinion expressed by DEP staff about a revised proposal submitted thereafter. The court must defer to this interpretation where it is reasonable and supported by the plain language of § 10.03(2), which places the burden on the petitioner "*when* the Department has been requested to hold an adjudicatory hearing" (emphasis added). See *Hurst*, 428 Mass. at 120. Moreover, this interpretation avoids the potential of inconsistent burden-of-proof procedures for appeals of formally-issued agency decisions depending on a subsequent opinion of an individual regional office staff member.

Lastly, the court finds that the hearing officer correctly required the plaintiff to prove that the plan changes were insubstantial when determining whether the revised plan could be reviewed under the Plan Change Policy. See Wetlands Program Policy 91-1: Plan Changes; *Matter of Edward Longo*, Docket No. 91-0001, 1994 WL 762540, *6 (Nov. 15, 1994) (even where DEP initially decided to accept revised plan, the "burden of going forward remain[ed] on Applicant," who was required to demonstrate insubstantiality of plan revisions). For those

6

reasons, the plaintiff has failed to demonstrate that the DEP's Final Decision applied the burden of proof in a manner that prejudiced his substantial rights.

### 3. Proposed Mitigation Conditions

The plaintiff also argues that the DEP erroneously disregarded twenty-two additional conditions first proposed in the plaintiff's post-hearing brief. The plaintiff characterizes these conditions as mitigating the revised project's increased impact on wetland resources, as found by the hearing officer when determining that Wetlands Program Policy 91-1: Plan Changes required filing a new notice of intent with the commission.

As discussed above, the DEP correctly applied the policy to decline review of the revised steel bridge plan. Accordingly, the court credits the DEP's argument that the plaintiff's proposal of additional conditions relating to that revised plan was moot, and it was not in error to disregard them. The plaintiff, having failed to meet his burden to demonstrate prejudice to substantial rights on any of these three issues, therefore cannot prevail on his motion to set aside the DEP's Final Decision.

### ORDER

For the foregoing reasons, it is hereby **ORDERED** that the plaintiff's Motion for Judgment on the Pleadings be **DENIED**, the defendants' Cross-Motions be **ALLOWED**, and judgment enter **AFFIRMING** the DEP's June 22, 2017 Final Decision.

Beverly J. Cannone
Justice of the Superior Court

DATED: July 29, 2019

A true copy, Attest: Scott W. Nickerson

Clerk