SUPERIOR COURT
BARNSTABLE, SS

FILED   JAN 0 8 2019

_Scott L. Nickerson_ Clerk

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.                           SUPE~~RIOR COURT~~

No. 1972CV012

)
MATTHEW HANEY, TRUSTEE OF   )
THE GOOSEBERRY ISLAND TRUST )
AND MATTHEW HANEY, TRUSTEE )
OF THE SN TRUST,            )
            Plaintiffs      )
                            )
v.                          )                **COMPLAINT**
                            )
JONATHAN FURBUSH, WILLIAM   )
A. BLAISEDELL, SCOTT        )
GOLDSTEIN, NORMAN J. GOULD, )
BRADFORD H. PITTSLEY, and   )
SHARON SANGELEER, as they are )
the MASHPEE ZONING BOARD    )
OF APPEALS, and the MASHPEE )
ZONING BOARD OF APPEALS,    )
            Defendants,     )
                            )

## INTRODUCTORY STATEMENT

1. This is an appeal, pursuant to M.G.L. c. 40A, § 17, of three decisions of the

   Mashpee Zoning Board of Appeals concerning property known as Gooseberry

   Island in Mashpee.

## PARTIES

2. The Plaintiff, Matthew Haney, is the Trustee of the Gooseberry Island Trust, a

   Massachusetts nominee trust with a business address of Post Office Box 1416,

   Brookline, Massachusetts 02446.

3. The Plaintiff, Matthew Haney, is the Trustee of the SN Realty Trust, a Massachusetts nominee trust with a business address of Post Office Box 1416, Brookline, Massachusetts 02446.

4. The Defendants, the Members of the Mashpee Zoning Board of Appeals, are as follows:

      a. Jonathan Furbush, Chairman
        c/o Mashpee Town Hall
        16 Great Neck Road North
        Mashpee, MA 02649

      b. William A. Blaisedell
        c/o Mashpee Town Hall
        16 Great Neck Road North
        Mashpee, MA 02649

      c. Scott Goldstein
        c/o Mashpee Town Hall
        16 Great Neck Road North
        Mashpee, MA 02649

      d. Norman J. Gould
        c/o Mashpee Town Hall
        16 Great Neck Road North
        Mashpee, MA 02649

      e. Bradford H. Pittsley
        c/o Mashpee Town Hall
        16 Great Neck Road North
        Mashpee, MA 02649

      f. Sharon Sangeleer
        c/o Mashpee Town Hall
        16 Great Neck Road North
        Mashpee, MA 02649

2

5. The Defendant, Mashpee Zoning Board of Appeals ("Board"), is the zoning board of appeals for the Town of Mashpee and has a business address of Mashpee Town Hall, 16 Great Neck Road North, Mashpee, MA 02649.

## FACTUAL ALLEGATIONS AND CLAIM FOR RELIEF

6. The Gooseberry Island Trust was created by a declaration of trust dated September 2, 2011, and recorded with the Barnstable Registry District of the Land Court as Document No. 1,173,403, and is the owner of Gooseberry Island ("Island" or "Property").

7. The SN Trust was created by declaration of trust dated January 12, 2012 and recorded with the Barnstable Registry of Deeds on Book 27485, Page 161. The SN Trust owns a strip of land on the mainland at the end of Punkhorn Point Road.

8. The Island is comprised of 3.9+/- acres of land located in Popponesset Bay offshore from the end of Punkhorn Point Road.

9. The Island is separated from the mainland by a narrow channel that is approximately 40 feet wide at mean low water and 80 feet wide at mean high water.

10. The channel has a depth of less than two feet at mean low water.

3

11. Although currently vacant, the Island was used by previous owners as a camp for hunting and fishing.  Remnants of the foundation of a cottage are still present on the Island.

12. Before the Island was acquired by the Gooseberry Island Trust, it was owned for more than 50 years by the Nelson family.

13. The Nelson family accessed the island by parking at the end of Punkhorn Point Road and rowing a boat across the narrow channel throughout their years of ownership.

14. The Island and the land along the shore are situated within an R-3 Zoning District.

15. The Plaintiffs seek to develop a single-family dwelling on the Island.

16. On November 9, 2018, the Plaintiffs filed an application for variances with the Zoning Board of Appeals seeking relief from the following provisions of the Zoning Bylaw:

    a.      Section 174-12 – which requires buildings to be on lots which front upon a street;

    b.    Section 174-31 – which requires the Property to have 150 feet of frontage on a street; and

    c.    Section 174-32 – which requires the Property to have an unobstructed paved access roadway within 150 feet of the furthest point of any building on the Property.

17. The Petitioners, as part of their application, propose to construct a single-lane bridge that will span the channel and provide pedestrian and vehicular access to the Island, including access by the Town's emergency response vehicles.

18. On December 12, 2018, the Board of Appeals held a public hearing on the Plaintiffs' application.

19. At the close of the hearing, the Board voted 5 to 0 to deny the application.

20. Thereafter, on December 20, 2018, the Board of Appeals filed three separate written decisions with the Town Clerk denying the Plaintiffs' application. Copies of the decisions are attached as **Exhibits 1, 2 and 3**.

21.    The Plaintiffs are aggrieved, within the meaning of M.G.L. Chapter 40A, § 17, by the decisions of the Board.

22.   The decisions of the Board are erroneous, in excess of the Board's authority, against the weight of the evidence, arbitrary, capricious and whimsical.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to issue an

Order and Judgment:

A.   Finding that the decisions of the Board exceeded the Board's authority, were against the weight of the evidence, were arbitrary, capricious and unreasonable;

B.   Ordering that the decisions of the Board recorded with the Mashpee Town Clerk on December 20, 2018 be vacated and annulled;

C.   Granting such other and further relief as the Court may deem meet, just and proper under the circumstances.

DATED: January 8, 2019                    Respectfully submitted,
                                          For the Plaintiffs,
                                          By their Attorney,


                                          Brian J. Wall
                                          BBO No. 560063
                                          Troy Wall Associates
                                          90 Route 6A
                                          Sandwich, MA 02563
                                          (508) 888-5700
                                          bjw@troywallassociates.com

6

# EXHIBIT 1



*Town of Mashpee*

16 Great Neck Road North
Mashpee, Massachusetts 02649

## MASHPEE ZONING BOARD OF APPEALS
### DECISION FOR A VARIANCE
### V-2018-61

Gooseberry Island Trust & SN Trust                    Ctf.: #195170
Robert D. Emmeluth, Trustee of Gooseberry Island      Plan #: 25209-A
0 Gooseberry Island
(Map 100 Parcel 6-0-4)
Mashpee, MA 02649

A Petition was filed on November 9, 2018 by Owner, Gooseberry Island Trust &
SN Trust requesting a Variance from §174-12 of the Zoning By-laws requiring frontage on
a street and direct access to a paved town, county or state road or street as defined in said
Section in order to construct a single family residence on property located in an R-3 Zoning
District, 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

Notice was duly given to abutters in accordance with Massachusetts General Laws
Chapter 40A. Notice was given by publication in The Mashpee Enterprise, a newspaper of
general circulation in the Town of Mashpee, on November 16, 2018 and November 23,
2018 a copy of which is attached hereto and made a part hereof.

The Mashpee Zoning Board of Appeals issues this Decision pursuant to the
provisions of Massachusetts General Laws Chapter 40A §10 and the Town of Mashpee
Zoning By-laws.

Public Hearings were held on the Petition at the Mashpee Town Hall on
Wednesday, December 12, 2018 at which time the following members of the Board of
Appeals were present and acting throughout; Chairman, Jonathan Furbush, Board
Members, Scott Goldstein, Norman J. Gould, and Associate Members, Brad Pittsley and
Sharon Sangeleer. Also present was Attorney Kate Connolly, Town Counsel, and Michael
Mendoza, Building Commissioner.

Attorney Brian Wall represented the applicant for the Variance request. Also
present was Tom Bunker, of BSS Design, and Mathew Haney, who is a representative of
the Trust. Attorney Wall provided the Board with two plans that were dated March 11,
2014, and July 9, 2018. The 2014 plan depicts a bridge and Gooseberry Island. The plan
dated July 9, 2018 is of Gooseberry Island. The Island is a 3.9 acre island in Popponesset
Bay and is separated from the main land by a channel that is about 80 ft. wide at high tide,
and about 40 ft. wide at low tide. Attorney Wall claims his client owns a strip of land along
the edge of the main land. His client would like to develop a single-family home on the
island, and would like to propose a bridge to be built at the end of the mainland at Punkhorn
Point Road across the channel to Gooseberry Island.

1

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-61

Attorney Wall said that in order to render the island eligible for a building permit, the two trusts need three variances as listed in the public notices. Under §174-12 requires a street, and the island has no street, §174-31 requires 150 ft. of frontage on a street, and §174-32 require property to have an un-obstructed paved access roadway within 150 ft. of the furthest point of any building on a property, and the purpose of this is to provide access for first responders and fire trucks. The Trust applied for these same three variances back in 2013 but no bridge was proposed. The applicants at that time where proposing to access the property by boat and have just a house.

At the hearings back in 2013, the Zoning Board expressed concerns with the inability of first responders to access the property. They were concerned about public safety, fire protection, and a possible medical emergency. The Board denied the request for variance for those reasons.

Chairman Furbush mentioned that he knows there's litigation pending regarding access to the land on the mainland side.

Attorney Wall said that the litigation is under advisement with a judge. He said he does not represent the client in that land court case, but he is aware of its status. The case is in land court without a jury, and when the trial is over the judge takes the matter under advisement. Mr. Wall believes that briefs were submitted to the court back in January of this year, and decision is pending. Mr. Wall said that his client has a deed to the land, and the judge will be making a decision to who owns the land.

Town Attorney, Kate Connolly said she had tried that case. The judge has not issued a decision, and the ownership issue is still in question. The Town took a less active roll, but claimed a portion of the property. Two of the abutters on that road took an active role claiming ownership, and it's still inconclusive that SN Trust or anyone else owns any specific portion of that property. In regard to the bridge, there's another case pending, and there's no approval yet for the bridge. Town Counsel is still waiting for the court's decision on this.

Attorney Wall said that the bridge has been through the DEP hearing process and was denied. That decision is currently under appeal in Superior Court.

Board Member, Scott Goldstein questioned if the bridge needs to be approved prior to building on the lot. He could not approve something that was not approved by other departments.

2

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-61

Attorney Kate Connolly answered that was the basis for the previous denials of the three variances. The applicant applied for permission to the Conservation Commission to build in a sensitive wetland resource area. The Commission denied it, and the applicant appealed it to the DEP, lost at the DEP level and appealed to Superior Court. There's still no bridge, and that's one of the requirements under the Town bylaw that there be access. There's no frontage, and there has to be access in other ways for emergency vehicles. This case is still pending as well.

Attorney Wall said that every Board has its own jurisdiction. He said that the Board can act on request for relief, and conditioning it upon the bridge being built.

Chairman Furbush said as one member he is uncomfortable with conditioning anything for these variance requests.

The Board read the Town Department comments into the record.

Mr. George Green, the Director of Natural Resources with the Mashpee Wampanoag Tribe, voiced his concerns on behalf of the Tribe with this project. He said the Tribe opposes granting the proposed Variances. The bridge would interfere with their aquaculture project. At extreme low tide, the tide is about 1.5 ft. to 2 ft. deep, and at a mean high tide, the tide is 5.5 to 6 ft.

Fire Chief, Thomas Rullo addressed the Board and submitted a letter he sent to Matthew Haney dated August 17, 2018 that was read into the record.

Mr. Furbush asked the same question he asked five years ago, if there is an emergency on the island, how would the Fire Department respond?

Fire Chief Rullo said there is no method to get across the waterway. The Fire Chief stated he would not be able to handle any crisis, either fire or medical.

Mr. Furbush spoke to the Board and said that not being able to respond to an emergency could cause the Town legal issues. There's no clear ownership title to the land on the mainland, and there's no clarity from Conservation to allow the bridge to be built.

Scott Goldstein asked the Fire Chief if the apparatus could turn around. Fire Chief Rullo said the approach would have to be addressed for his apparatus to be able to turn around sufficiently.

3

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-61

Attorney John Bowen, with Rackemann, Sawyer & Brewster represents the two private owners who own the last two houses on the left on the North side of Punkhorn Point Rd. The owners of 80 Punkhorn Point Road are James Atkins and John Weltman, and 84 Punkhorn Point Road, owners, Robert and Michelle Wolpe. Mr. Wolpe was present in the audience.

Attorney Bowen said these applications are the same as submitted back in 2013, and suggested that under Chapter 40A Section 16 that decision issued by the Board was not really final because the appeal is still pending in Superior Court. He disputes, and doesn't believe the applicant has any right to pave the road, or has any right to bring utilities down the road. Punkhorn Point is a private unpaved narrow road, and he disputes the applicant to travel on this road because it is a private road.

Attorney Bowen said there are several items that are very much undecided, and to repeat the requests while there's a live action pending in Superior Court is wasteful and unnecessary. He asked the Board that the requests be denied on these grounds as presented, and it fails to meet the requirements of the Town's bylaws and also fails to meet Chapter 40A Section 10 for a variance. The Attorney said that his clients assert ownership to the Southern boundary and just below Punkhorn Point Rd, and below that, the Town has an active claim to that land. Those issues are open, and there will be a decision. The applicant claims ownership through a "release deed" for no consideration and for zero dollars. His final point is that the applicant's claim of financial hardship as current owner of an island with no money and with no proven way to access it, or any ownership on the part of Mashpee where he thinks he could put a bridge.

Attorney Kate Connolly mentioned that Attorney Bowen was correct, it's simply a release deed that was taken for no payment, and also financial hardship is not one of the requirements to prove hardship under the bylaw, it has to be a hardship owing to unusual circumstances of shape, soil conditions, or topography, and none of those apply.

Ashley Fisher, Shellfish Constable for the Town of Mashpee approached the Board and quoted a couple of points from the bylaw in Chapter 130 Section 57 (Shellfish Aquaculture Licenses) for the record. She said that the area is under a grant and because of this, there cannot be any disturbance of the licensed shellfish grant area.

Mr. Gould asked Attorney Wall if he and his client addressed the Tribe's claims, and how would you repair any damage if there's an issue with pollution regarding their shellfish grant.

4

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-61

Attorney Wall said that the Tribe claims that their shellfish aquaculture grant prohibits the bridge from crossing the channel is not valid. He disagrees because the statute that the shellfish constable read says that the Tribe has exclusive rights to plant, grow and take shellfish but not exclusive rights to the area itself. The ideas is to put the house somewhere in the center of the island, and far away from shore. The septic system has not been proposed so those concerns are speculative and not before the Board. The bridge will be sufficiently high enough for boat traffic to pass. Attorney Wall said that relief can be granted such that it doesn't derogate from the purpose of the zoning bylaw. He believes the bridge provides access.

Mr. Mendoza asked Attorney Wall if his client was entertaining to build more than one home on the island. Mr. Wall said his client's intention right now is to have one single-family dwelling.

Chairman Furbush closed the comment session and instructed the Board members that it was time to vote.

The Board, upon review of the testimony and evidence, determined that the proposed Variance would not advance the Town's interest in maintaining the public safety in further grant of a Variance would in fact derogate from the underline purpose and intent of the Zoning By-laws.

In view of the foregoing, the Board made a motion on Wednesday, December 12, 2018 at the Public Hearings of the Zoning Board of Appeals to grant the request of the Petitioner, Gooseberry Island Trust & SN Trust for a Variance from Article V §174-12 of the Zoning By-laws requiring frontage on a street and direct access to a paved town, county or state road or street as defined in said Section in order to construct a single family residence on property located in an R-3 Zoning District at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA and voted as follows: Ms. Sharon Sangeleer, denied, no, Mr. Bradford H. Pittsley, denied, no, Mr. Norman J. Gould, denied, no, Mr. Scott Goldstein, denied, no, and Mr. Jonathan D. Furbush, denied, no. Failing to obtain a supermajority of votes in the affirmative, and in fact obtaining unanimous votes to deny, the variance request is denied.

## MASHPEE ZONING BOARD OF APPEALS
## DECISION FOR A VARIANCE

Name: Gooseberry Island Trust & SN Trust
Address: 0 Gooseberry Island, Map 100 Parcel 6-0-R, Mashpee, MA 02649
Case: V-2018-61

|  | IN FAVOR | TO DENY |
|---|---|---|
| Jonathan Furbush | ☐ | ☒ |
| William A. Blaisdell | ☐ | ☐ |
| Scott Goldstein | ☐ | ☒ |
| Norman J. Gould | ☐ | ☒ |
| Bradford H. Pittsley | ☐ | ☒ |
| Sharon Sangelee | ☐ | ☒ |

**Legal Notices**

MASHPEE
ZONING BOARD
OF APPEALS.

PUBLIC HEARINGS NOTICE

DECEMBER 12, 2018

The Mashpee Zoning Board of Appeals
will hold Public Hearings on
Wednesday, December 12, 2018 at
6:00 p.m. In the Waquoit Meeting
Room at the
Mashpee Town Hall,
16 Great Neck Road North, on the
following:

**NEW HEARINGS**

Gooseberry Island and Punkhorn Point Road; Owner,
Gooseberry Island Trust & SN Trust requests a Variance
from §174-12 of the Zoning By-laws requiring frontage
on a street and direct access to a paved town, county or
state road or street as defined in said Section in order to
construct a single family residence on property located
in an R-3 Zoning District, (Map 100, Parcel 6-0-R),
Mashpee, MA.

Gooseberry Island and Punkhorn Point Road; Owner,
Gooseberry Island Trust & SN Trust requests a Variance
from §174-31 of the Zoning By-laws requiring a 150' of
frontage on a street in order to construct a single family
residence on property located in an R-3 Zoning District,
(Map 100, Parcel 6-0-R), Mashpee, MA.

Gooseberry Island and Punkhorn Point Road; Owner,
Gooseberry Island Trust & SN Trust requests a Variance
from §174-32 of the Zoning By-laws requiring Fire De-
partment apparatus access as defined in said Section
to allow for the construction of a single family residence
on property located in an R-3 Zoning District, (Map 100,
Parcel 6-0-R), Mashpee, MA.

Plans may be viewed prior to the hearings in the ZBA
office and the Town Clerk's office.

Per Order of: Jonathan D. Furbush, Chairman
Mashpee Zoning Board of Appeals

November 16, 23, 2018

This Decision has been duly filed on ___December 20, 2018___ with the Town Clerk
of Mashpee. Any Appeals shall be made pursuant to Section 17 of the Massachusetts
General Laws Chapter 40A within Twenty days after the date of said filing.

This Decision is effective when a Certified Copy is filed at the Barnstable County
Registry of Deeds. A Certified Copy may be obtained from the Town Clerk the next
business day after the expiration of the 20-day Appeal phase, which lasts through
___January 9, 2019___. Special Permits shall lapse two years after date
of grant. Written Findings shall lapse two years after date of grant. Appeals shall lapse
one year after date of grant. If the rights authorized by a Variance are not exercised
within one year of date of grant of such Variance, such rights shall lapse unless: (1)
substantial use or construction has commenced, or (2) a Petition for a six-month
extension has been filed prior to the expiration date, or (3) the property that is the subject
of the Variance has been conveyed in reliance on said Variance prior to the expiration
date of such one year period.

**MASHPEE TOWN CLERK**

DEC 2 0 2018

RECEIVED BY___MCS___

# EXHIBIT 2



Town of Mashpee

16 Great Neck Road North
Mashpee, Massachusetts 02649

## MASHPEE ZONING BOARD OF APPEALS
### DECISION FOR A VARIANCE
### V-2018-63

Gooseberry Island Trust & SN Trust        Ctf.: #195170
Robert D. Emmeluth, Trustee of Gooseberry Island     Plan #: 25209-A
0 Gooseberry Island
(Map 100 Parcel 6-0-4)
Mashpee, MA 02649

A Petition was filed on November 9, 2018 by Owner, Gooseberry Island Trust & SN Trust requesting a Variance from §174-32 of the Zoning By-laws requiring Fire Department apparatus access as defined in said Section to allow for the construction of a single family residence on property located in an R-3 Zoning District, at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

Notice was duly given to abutters in accordance with Massachusetts General Laws Chapter 40A. Notice was given by publication in The Mashpee Enterprise, a newspaper of general circulation in the Town of Mashpee, on November 16, 2018 and November 23, 2018 a copy of which is attached hereto and made a part hereof.

The Mashpee Zoning Board of Appeals issues this Decision pursuant to the provisions of Massachusetts General Laws Chapter 40A §10 and the Town of Mashpee Zoning By-laws.

Public Hearings were held on the Petition at the Mashpee Town Hall on Wednesday, December 12, 2018 at which time the following members of the Board of Appeals were present and acting throughout; Chairman, Jonathan Furbush, Board Members, Scott Goldstein, Norman J. Gould, and Associate Members, Brad Pittsley and Sharon Sangeleer. Also present was Attorney Kate Connolly, Town Counsel, and Michael Mendoza, Building Commissioner.

Attorney Brian Wall represented the applicant for the Variance request. Also present was Tom Bunker, of BSS Design, and Mathew Haney, who is a representative of the Trust. Attorney Wall provided the Board with two plans that were dated March 11, 2014, and July 9, 2018. The 2014 plan depicts a bridge and Gooseberry Island. The plan dated July 9, 2018 is of Gooseberry Island. The Island is a 3.9 acre island in Popponesset Bay and is separated from the main land by a channel that is about 80 ft. wide at high tide, and about 40 ft. wide at low tide. Attorney Wall claims his client owns a strip of land along the edge of the main land. His client would like to develop a single-family home on the island, and would like to propose a bridge to be built at the end of the mainland at Punkhorn Point Road across the channel to Gooseberry Island.

1

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-63

Attorney Wall said that in order to render the island eligible for a building permit, the two trusts need three variances as listed in the public notices. Under §174-12 requires a street, and the island has no street, §174-31 requires 150 ft. of frontage on a street, and §174-32 require property to have an un-obstructive paved access roadway within 150 ft. of the furthest point of any building on a property, and the purpose of this is to provide access for first responders and fire trucks. The Trust applied for these same three variances back in 2013 but no bridge was proposed. The applicants at that time where proposing to access the property by boat and have just a house.

At the hearings back in 2013, the Zoning Board expressed concerns with the inability of first responders to access the property. They were concerned about public safety, fire protection, and a possible medical emergency. The Board denied the request for variance for those reasons.

Chairman Furbush mentioned that he knows there's litigation pending regarding access to the land on the mainland side.

Attorney Wall said that the litigation is under advisement with a judge. He said he does not represent the client in that land court case, but he is aware of its status. The case is in land court without a jury, and when the trial is over the judge takes the matter under advisement. Mr. Wall believes that briefs were submitted to the court back in January of this year, and decision is pending. Mr. Wall said that his client has a deed to the land, and the judge will be making a decision to who owns the land.

Town Attorney, Kate Connolly said she had tried that case. The judge has not issued a decision, and the ownership issue is still in question. The Town took a less active roll, but claimed a portion of the property. Two of the abutters on that road took an active role claiming ownership, and it's still inconclusive that SN Trust or anyone else owns any specific portion of that property. In regard to the bridge, there's another case pending, and there's no approval yet for the bridge. Town Counsel is still waiting for the court's decision on this.

Attorney Wall said that the bridge has been through the DEP hearing process and was denied. That decision is currently under appeal in Superior Court.

Board Member, Scott Goldstein questioned if the bridge needs to be approved prior to building on the lot. He could not approve something that was not approved by other departments.

2

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-63

Attorney Kate Connolly answered that was the basis for the previous denials of the three variances. The applicant applied for permission to the Conservation Commission to build in a sensitive wetland resource area. The Commission denied it, and the applicant appealed it to the DEP, lost at the DEP level and appealed to Superior Court. There's still no bridge, and that's one of the requirements under the Town bylaw that there be access. There's no frontage, and there has to be access in other ways for emergency vehicles. This case is still pending as well.

Attorney Wall said that every Board has its own jurisdiction. He said that the Board can act on request for relief, and conditioning it upon the bridge being built.

Chairman Furbush said as one member he is uncomfortable with conditioning anything for these variance requests.

The Board read the Town Department comments into the record.

Mr. George Green, the Director of Natural Resources with the Mashpee Wampanoag Tribe, voiced his concerns on behalf of the Tribe with this project. He said the Tribe opposes granting the proposed Variances. The bridge would interfere with their aquaculture project. At extreme low tide, the tide is about 1.5 ft. to 2 ft. deep, and at a mean high tide, the tide is 5.5 to 6 ft.

Fire Chief, Thomas Rullo addressed the Board and submitted a letter he sent to Matthew Haney dated August 17, 2018 that was read into the record.

Mr. Furbush asked the same question he asked five years ago, if there is an emergency on the island, how would the Fire Department respond?

Fire Chief Rullo said there is no method to get across the waterway. The Fire Chief stated he would not be able to handle any crisis, either fire or medical.

Mr. Furbush spoke to the Board and said that not being able to respond to an emergency could cause the Town legal issues. There's no clear ownership title to the land on the mainland, and there's no clarity from Conservation to allow the bridge to be built.

Scott Goldstein asked the Fire Chief if the apparatus could turn around. Fire Chief Rullo said the approach would have to be addressed for his apparatus to be able to turn around sufficiently.

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-63

Attorney John Bowen, with Rackemann, Sawyer & Brewster represents the two private owners who own the last two houses on the left on the North side of Punkhorn Point Rd. The owners of 80 Punkhorn Point Road are James Atkins and John Weltman, and 84 Punkhorn Point Road, owners, Robert and Michelle Wolpe. Mr. Wolpe was present in the audience.

Attorney Bowen said these applications are the same as submitted back in 2013, and suggested that under Chapter 40A Section 16 that decision issued by the Board was not really final because the appeal is still pending in Superior Court. He disputes, and doesn't believe the applicant has any right to pave the road, or has any right to bring utilities down the road. Punkhorn Point is a private unpaved narrow road, and he disputes the applicant to travel on this road because it is a private road.

Attorney Bowen said there are several items that are very much undecided, and to repeat the requests while there's a live action pending in Superior Court is wasteful and unnecessary. He asked the Board that the requests be denied on these grounds as presented, and it fails to meet the requirements of the Town's bylaws and also fails to meet Chapter 40A Section 10 for a variance. The Attorney said that his clients assert ownership to the Southern boundary and just below Punkhorn Point Rd, and below that, the Town has an active claim to that land. Those issues are open, and there will be a decision. The applicant claims ownership through a "release deed" for no consideration and for zero dollars. His final point is that the applicant's claim of financial hardship as current owner of an island with no money and with no proven way to access it, or any ownership on the part of Mashpee where he thinks he could put a bridge.

Attorney Kate Connolly mentioned that Attorney Bowen was correct, it's simply a release deed that was taken for no payment, and also financial hardship is not one of the requirements to prove hardship under the bylaw, it has to be a hardship owning to unusual circumstances of shape, soil conditions, or topography, and none of those apply.

Ashley Fisher, Shellfish Constable for the Town of Mashpee approached the Board and quoted a couple of points from the bylaw in Chapter 130 Section 57 (Shellfish Aquaculture Licenses) for the record. She said that the area is under a grant and because of this, there cannot be any disturbance of the licensed shellfish grant area.

Mr. Gould asked Attorney Wall if he and his client addressed the Tribe's claims, and how would you repair any damage if there's an issue with pollution regarding their shellfish grant.

4

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-63

Attorney Wall said that the Tribe claims that their shellfish aquaculture grant prohibits the bridge from crossing the channel is not valid. He disagrees because the statute that the shellfish constable read says that the Tribe has exclusive rights to plant, grow and take shellfish but not exclusive rights to the area itself. The ideas is to put the house somewhere in the center of the island, and far away from shore. The septic system has not been proposed so those concerns are speculative and not before the Board. The bridge will be sufficiently high enough for boat traffic to pass. Attorney Wall said that relief can be granted such that it doesn't derogate from the purpose of the zoning bylaw. He believes the bridge provides access.

Mr. Mendoza asked Attorney Wall if his client was entertaining to build more than one home on the island. Mr. Wall said his client's intention right now is to have one single-family dwelling.

Chairman Furbush closed the comment session and instructed the Board members that it was time to vote.

The Board, upon review of the testimony and evidence, determined that the proposed Variance would not advance the Town's interest in maintaining the public safety in further grant of a Variance would in fact derogate from the underline purpose and intent of the Zoning By-laws.

In view of the foregoing, the Board made a motion on Wednesday, December 12, 2018 at the Public Hearings of the Zoning Board of Appeals to grant the request of the Petitioner, Gooseberry Island Trust & SN Trust for a Variance from Article V §174-32 of the Zoning By-laws requiring Fire Department apparatus access as defined in said Section to allow for the construction of a single family residence on property located in an R-3 Zoning District, 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA and voted as follows: Ms. Sharon Sangeleer, denied, no, Mr. Bradford H. Pittsley, denied, no, Mr. Norman J. Gould, denied, no, Mr. Scott Goldstein, denied, no, and Mr. Jonathan D. Furbush, denied, no. Failing to obtain a supermajority of votes in the affirmative, and in fact obtaining unanimous votes to deny, the variance request is denied.

5

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE

Name: Gooseberry Island Trust & SN Trust
Address: 0 Gooseberry Island, Map 100 Parcel 6-0-R, Mashpee, MA 02649
Case: V-2018-63

|  | IN FAVOR | TO DENY |
|---|---|---|
| Jonathan Furbush | ☐ | ☒ |
| William A. Blaisdell | ☐ | ☐ |
| Scott Goldstein | ☐ | ☒ |
| Norman J. Gould | ☐ | ☒ |
| Bradford H. Pittsley | ☐ | ☒ |
| Sharon Sangeleer | ☐ | ☒ |

**Legal Notices**

MASHPEE
ZONING BOARD
OF APPEALS
PUBLIC HEARINGS NOTICE
DECEMBER 12, 2018
The Mashpee Zoning Board of Appeals
will hold Public Hearings on
Wednesday, December 12, 2018 at
6:00 p.m. in the Waquoit Meeting
Room at the
Mashpee Town Hall,
16 Great Neck Road North, on the
following:

NEW HEARINGS

Gooseberry Island and Punkhorn Point Road: Owner,
Gooseberry Island Trust & SN Trust requests a Variance
from §174-12 of the Zoning By-laws requiring frontage
on a street and direct access to a paved town, county or
state road or street as defined in said Section in order to
construct a single family residence on property located
in an R-3 Zoning District, (Map 100, Parcel 6-0-R),
Mashpee, MA.

Gooseberry Island and Punkhorn Point Road: Owner,
Gooseberry Island Trust & SN Trust requests a Variance
from §174-31 of the Zoning By-laws requiring a 150' of
frontage on a street in order to construct a single family
residence on property located in an R-3 Zoning District,
(Map 100, Parcel 6-0-R), Mashpee, MA.

Gooseberry Island and Punkhorn Point Road: Owner,
Gooseberry Island Trust & SN Trust requests a Variance
from §174-32 of the Zoning By-laws requiring Fire Dep't
apparatus access as defined in said Section
to allow for the construction of a single family residence
on property located in an R-3 Zoning District, (Map 100,
Parcel 6-0-R), Mashpee, MA.

Plans may be viewed prior to the hearings in the ZBA
office and the Town Clerk's office.

Per Order of: Jonathan D. Furbush, Chairman
Mashpee Zoning Board of Appeals

November 16, 23, 2018

This Decision has been duly filed on December 20, 2018 with the Town Clerk of Mashpee. Any Appeals shall be made pursuant to Section 17 of the Massachusetts General Laws Chapter 40A within Twenty days after the date of said filing.

This Decision is effective when a Certified Copy is filed at the Barnstable County Registry of Deeds. A Certified Copy may be obtained from the Town Clerk the next business day after the expiration of the 20-day Appeal phase, which lasts through January 9, 2019 . Special Permits shall lapse two years after date of grant. Written Findings shall lapse two years after date of grant. Appeals shall lapse one year after date of grant. If the rights authorized by a Variance are not exercised within one year of date of grant of such Variance, such rights shall lapse unless: (1) substantial use or construction has commenced, or (2) a Petition for a six-month extension has been filed prior to the expiration date, or (3) the property that is the subject of the Variance has been conveyed in reliance on said Variance prior to the expiration date of such one year period.

MASHPEE TOWN CLERK

DEC 2 0 2018

RECEIVED BY ___

# EXHIBIT 3



*Town of Mashpee*

*16 Great Neck Road North*
*Mashpee, Massachusetts 02649*

## MASHPEE ZONING BOARD OF APPEALS
## DECISION FOR A VARIANCE
## V-2018-62

Gooseberry Island Trust & SN Trust                                    Ctf.: #195170
Robert D. Emmeluth, Trustee of Gooseberry Island          Plan #: 25209-A
0 Gooseberry Island
(Map 100 Parcel 6-0-4)
Mashpee, MA 02649

     A Petition was filed on November 9, 2018 by Owner, Gooseberry Island Trust & SN Trust requesting a Variance from §174-31 of the Zoning By-laws requiring a 150' of frontage on a street in order to construct a single family residence on property located in an R-3 Zoning District, at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA.

     Notice was duly given to abutters in accordance with Massachusetts General Laws Chapter 40A. Notice was given by publication in The Mashpee Enterprise, a newspaper of general circulation in the Town of Mashpee, on November 16, 2018 and November 23, 2018 a copy of which is attached hereto and made a part hereof.

     The Mashpee Zoning Board of Appeals issues this Decision pursuant to the provisions of Massachusetts General Laws Chapter 40A §10 and the Town of Mashpee Zoning By-laws.

     Public Hearings were held on the Petition at the Mashpee Town Hall on Wednesday, December 12, 2018 at which time the following members of the Board of Appeals were present and acting throughout; Chairman, Jonathan Furbush, Board Members, Scott Goldstein, Norman J. Gould, and Associate Members, Brad Pittsley and Sharon Sangeleer. Also present was Attorney Kate Connolly, Town Counsel, and Michael Mendoza, Building Commissioner.

     Attorney Brian Wall represented the applicant for the Variance request. Also present was Tom Bunker, of BSS Design, and Mathew Haney, who is a representative of the Trust. Attorney Wall provided the Board with two plans that were dated March 11, 2014, and July 9, 2018. The 2014 plan depicts a bridge and Gooseberry Island. The plan dated July 9, 2018 is of Gooseberry Island. The Island is a 3.9 acre island in Popponesset Bay and is separated from the main land by a channel that is about 80 ft. wide at high tide, and about 40 ft. wide at low tide. Attorney Wall claims his client owns a strip of land along the edge of the main land. His client would like to develop a single-family home on the island, and would like to propose a bridge to be built at the end of the mainland at Punkhorn Point Road across the channel to Gooseberry Island.

1

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-62

Attorney Wall said that in order to render the island eligible for a building permit, the two trusts need three variances as listed in the public notices. Under §174-12 requires a street, and the island has no street, §174-31 requires 150 ft. of frontage on a street, and §174-32 require property to have an un-obstructive paved access roadway within 150 ft. of the furthest point of any building on a property, and the purpose of this is to provide access for first responders and fire trucks. The Trust applied for these same three variances back in 2013 but no bridge was proposed. The applicants at that time where proposing to access the property by boat and have just a house.

At the hearings back in 2013, the Zoning Board expressed concerns with the inability of first responders to access the property. They were concerned about public safety, fire protection, and a possible medical emergency. The Board denied the request for variance for those reasons.

Chairman Furbush mentioned that he knows there's litigation pending regarding access to the land on the mainland side.

Attorney Wall said that the litigation is under advisement with a judge. He said he does not represent the client in that land court case, but he is aware of its status. The case is in land court without a jury, and when the trial is over the judge takes the matter under advisement. Mr. Wall believes that briefs were submitted to the court back in January of this year, and decision is pending. Mr. Wall said that his client has a deed to the land, and the judge will be making a decision to who owns the land.

Town Attorney, Kate Connolly said she had tried that case. The judge has not issued a decision, and the ownership issue is still in question. The Town took a less active roll, but claimed a portion of the property. Two of the abutters on that road took an active role claiming ownership, and it's still inconclusive that SN Trust or anyone else owns any specific portion of that property. In regard to the bridge, there's another case pending, and there's no approval yet for the bridge. Town Counsel is still waiting for the court's decision on this.

Attorney Wall said that the bridge has been through the DEP hearing process and was denied. That decision is currently under appeal in Superior Court.

Board Member, Scott Goldstein questioned if the bridge needs to be approved prior to building on the lot. He could not approve something that was not approved by other departments.

2

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-62

Attorney Kate Connolly answered that was the basis for the previous denials of the three variances. The applicant applied for permission to the Conservation Commission to build in a sensitive wetland resource area. The Commission denied it, and the applicant appealed it to the DEP, lost at the DEP level and appealed to Superior Court. There's still no bridge, and that's one of the requirements under the Town bylaw that there be access. There's no frontage, and there has to be access in other ways for emergency vehicles. This case is still pending as well.

Attorney Wall said that every Board has its own jurisdiction. He said that the Board can act on request for relief, and conditioning it upon the bridge being built.

Chairman Furbush said as one member he is uncomfortable with conditioning anything for these variance requests.

The Board read the Town Department comments into the record.

Mr. George Green, the Director of Natural Resources with the Mashpee Wampanoag Tribe, voiced his concerns on behalf of the Tribe with this project. He said the Tribe opposes granting the proposed Variances. The bridge would interfere with their aquaculture project. At extreme low tide, the tide is about 1.5 ft. to 2 ft. deep, and at a mean high tide, the tide is 5.5 to 6 ft.

Fire Chief, Thomas Rullo addressed the Board and submitted a letter he sent to Matthew Haney dated August 17, 2018 that was read into the record.

Mr. Furbush asked the same question he asked five years ago, if there is an emergency on the island, how would the Fire Department respond?

Fire Chief Rullo said there is no method to get across the waterway. The Fire Chief stated he would not be able to handle any crisis, either fire or medical.

Mr. Furbush spoke to the Board and said that not being able to respond to an emergency could cause the Town legal issues. There's no clear ownership title to the land on the mainland, and there's no clarity from Conservation to allow the bridge to be built.

Scott Goldstein asked the Fire Chief if the apparatus could turn around. Fire Chief Rullo said the approach would have to be addressed for his apparatus to be able to turn around sufficiently.

3

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-61

Attorney John Bowen, with Rackemann, Sawyer & Brewster represents the two private owners who own the last two houses on the left on the North side of Punkhorn Point Rd. The owners of 80 Punkhorn Point Road are James Atkins and John Weltman, and 84 Punkhorn Point Road, owners, Robert and Michelle Wolpe. Mr. Wolpe was present in the audience.

Attorney Bowen said these applications are the same as submitted back in 2013, and suggested that under Chapter 40A Section 16 that decision issued by the Board was not really final because the appeal is still pending in Superior Court. He disputes, and doesn't believe the applicant has any right to pave the road, or has any right to bring utilities down the road. Punkhorn Point is a private unpaved narrow road, and he disputes the applicant to travel on this road because it is a private road.

Attorney Bowen said there are several items that are very much undecided, and to repeat the requests while there's a live action pending in Superior Court is wasteful and unnecessary. He asked the Board that the requests be denied on these grounds as presented, and it fails to meet the requirements of the Town's bylaws and also fails to meet Chapter 40A Section 10 for a variance. The Attorney said that his clients assert ownership to the Southern boundary and just below Punkhorn Point Rd, and below that, the Town has an active claim to that land. Those issues are open, and there will be a decision. The applicant claims ownership through a "release deed" for no consideration and for zero dollars. His final point is that the applicant's claim of financial hardship as current owner of an island with no money and with no proven way to access it, or any ownership on the part of Mashpee where he thinks he could put a bridge.

Attorney Kate Connolly mentioned that Attorney Bowen was correct, it's simply a release deed that was taken for no payment, and also financial hardship is not one of the requirements to prove hardship under the bylaw, it has to be a hardship owing to unusual circumstances of shape, soil conditions, or topography, and none of those apply.

Ashley Fisher, Shellfish Constable for the Town of Mashpee approached the Board and quoted a couple of points from the bylaw in Chapter 130 Section 57 (Shellfish Aquaculture Licenses) for the record. She said that the area is under a grant and because of this, there cannot be any disturbance of the licensed shellfish grant area.

Mr. Gould asked Attorney Wall if he and his client addressed the Tribe's claims, and how would you repair any damage if there's an issue with pollution regarding their shellfish grant.

4

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE
Gooseberry Island Trust & SN Trust
Robert D. Emmeluth, Trustee of Gooseberry Island
0 Gooseberry Island (Map 100, Parcel 6-0-R),
Mashpee, MA 02649
V-2018-61

Attorney Wall said that the Tribe claims that their shellfish aquaculture grant prohibits the bridge from crossing the channel is not valid. He disagrees because the statute that the shellfish constable read says that the Tribe has exclusive rights to plant, grow and take shellfish but not exclusive rights to the area itself. The ideas is to put the house somewhere in the center of the island, and far away from shore. The septic system has not been proposed so those concerns are speculative and not before the Board. The bridge will be sufficiently high enough for boat traffic to pass. Attorney Wall said that relief can be granted such that it doesn't derogate from the purpose of the zoning bylaw. He believes the bridge provides access.

Mr. Mendoza asked Attorney Wall if his client was entertaining to build more than one home on the island. Mr. Wall said his client's intention right now is to have one single-family dwelling.

Chairman Furbush closed the comment session and instructed the Board members that it was time to vote.

The Board, upon review of the testimony and evidence, determined that the proposed Variance would not advance the Town's interest in maintaining the public safety in further grant of a Variance would in fact derogate from the underline purpose and intent of the Zoning By-laws.

In view of the foregoing, the Board made a motion on Wednesday, December 12, 2018 at the Public Hearings of the Zoning Board of Appeals to grant the request of the Petitioner, Gooseberry Island Trust & SN Trust for a Variance from Article V §174-31 of the Zoning By-laws requiring a 150' of frontage on a street in order to construct a single family residence on property located in an R-3 Zoning District, at 0 Gooseberry Island, (Map 100, Parcel 6-0-R), Mashpee, MA and voted as follows: Ms. Sharon Sangeleer, denied, no, Mr. Bradford H. Pittsley, denied, no, Mr. Norman J. Gould, denied, no, Mr. Scott Goldstein, denied, no, and Mr. Jonathan D. Furbush, denied, no. Failing to obtain a supermajority of votes in the affirmative, and in fact obtaining unanimous votes to deny, the variance request is denied.

5

MASHPEE ZONING BOARD OF APPEALS
DECISION FOR A VARIANCE

Name: Gooseberry Island Trust & SN Trust
Address: 0 Gooseberry Island, Map 100 Parcel 6-0-R, Mashpee, MA 02649
Case: V-2018-62

| | IN FAVOR | TO DENY |
|---|---|---|
| Jonathan Furbush | ☐ | ☒ |
| William A. Blaisdell | ☐ | ☐ |
| Scott Goldstein | ☐ | ☒ |
| Norman J. Gould | ☐ | ☒ |
| Bradford H. Pittsley | ☐ | ☒ |
| Sharon Sangeleer | ☐ | ☒ |

## Legal Notices

**MASHPEE ZONING BOARD OF APPEALS**
**PUBLIC HEARINGS NOTICE**
DECEMBER 12, 2018
The Mashpee Zoning Board of Appeals will hold Public Hearings on Wednesday, December 12, 2018 at 6:00 p.m. in the Waquoit Meeting Room at the Mashpee Town Hall, 16 Great Neck Road North, on the following:

**NEW HEARINGS**

Gooseberry Island and Punkhorn Point Road: Owner; Gooseberry Island Trust & SN Trust requests a Variance from §174-12 of the Zoning By-laws requiring frontage on a street and direct access to a paved town, county or state road or street as defined in said Section in order to construct a single family residence on property located in an R-3 Zoning District, (Map 100, Parcel 6-0-R), Mashpee, MA.

Gooseberry Island and Punkhorn Point Road: Owner, Gooseberry Island Trust & SN Trust requests a Variance from §174-31 of the Zoning By-laws requiring a 150' of frontage on a street in order to construct a single family residence on property located in an R-3 Zoning District, (Map 100, Parcel 6-0-R), Mashpee, MA.

Gooseberry Island and Punkhorn Point Road: Owner, Gooseberry Island Trust & SN Trust requests a Variance from §174-22 of the Zoning By-laws requiring Fire Department apparatus access as defined in said Section to allow for the construction of a single family residence on property located in an R-3 Zoning District, (Map 100, Parcel 6-0-R), Mashpee, MA.

Plans may be viewed prior to the hearings in the ZBA office and the Town Clerk's office.

Per Order of: Jonathan D. Furbush, Chairman
Mashpee Zoning Board of Appeals

November 16, 23, 2018

This Decision has been duly filed on December 20, 2018 with the Town Clerk of Mashpee. Any Appeals shall be made pursuant to Section 17 of the Massachusetts General Laws Chapter 40A within Twenty days after the date of said filing.

This Decision is effective when a Certified Copy is filed at the Barnstable County Registry of Deeds. A Certified Copy may be obtained from the Town Clerk the next business day after the expiration of the 20-day Appeal phase, which lasts through January 9, 2019                Special Permits shall lapse two years after date of grant. Written Findings shall lapse two years after date of grant. Appeals shall lapse one year after date of grant. If the rights authorized by a Variance are not exercised within one year of date of grant of such Variance, such rights shall lapse unless: (1) substantial use or construction has commenced, or (2) a Petition for a six-month extension has been filed prior to the expiration date, or (3) the property that is the subject of the Variance has been conveyed in reliance on said Variance prior to the expiration date of such one year period.

6

**MASHPEE TOWN CLERK**

DEC 2 0 2018

RECEIVED BY ____