COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| BARNSTABLE, SS. | SUPERIOR COURT<br>No. BACV2013-579 |

|   |   |
|---|---|
| ROBERT D. EMMELUTH, TRUSTEE<br>of the GOOSEBERRY ISLAND TRUST,<br>      Plaintiff,<br><br>v.<br><br>JONATHAN D. FURBUSH, WILLIAM A.<br>BLAISEDELL, RONALD S. BONVIE,<br>DOMINGO K. DeBARROS, RICHARD<br>JODKA, JUDITH M. HORTON, AND<br>JAMES REIFFARTH as they are Members<br>of the MASHPEE ZONING BOARD OF<br>APPEALS, and THE MASHPEE ZONING<br>BOARD OF APPEALS,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### JOINT MOTION TO CONSOLIDATE CASE WITH SUPERIOR COURT DOCKET NO. 1972CV00012 AND TO CONTINUE THE PRE-TRIAL CONFERENCE SCHEDULED FOR FEBRUARY 1, 2019

Now come the Plaintiff in the above-entitled action, Gooseberry Island Trust, and the Defendants, the Mashpee Zoning Board of Appeals, and respectfully move that (1) the Court consolidate the above-entitled action with pending Superior Court Docket No. 1972CV00012, Matthew Haney, Trustee of the Gooseberry Island Trust, et al v. Mashpee Zoning Board of Appeals; and (2) continue to the Pre-Trial Conference in the above-entitled action which is currently scheduled for February 1, 2019.

## FACTUAL AND PROCEDURAL BACKGROUND

The Gooseberry Island Trust owns a 3.9+/- acre island known as "Gooseberry Island." The island is located in Popponesset Bay in Mashpee, approximately 80 feet offshore from the end of Punkhorn Point Road.

In 2013, the Gooseberry Island Trust applied to the Mashpee Zoning Board of Appeals ("Board") for variances from three provisions of the Mashpee Zoning Bylaw that are necessary to make the island eligible for a building permit:

a. Section 174-12 – which requires buildings to be on lots which front upon a street;

b. Section 174-31 – which requires the Property to have 150 feet of frontage on a street; and

c. Section 174-32 – which requires the Property to have an unobstructed paved access roadway within 150 feet of the furthest point of any building on the Property.

After a hearing, the Board denied the applications citing, *inter alia*, concerns with public safety due to the lack of vehicular access to the island.

The Trust appealed the denial decision to the Barnstable Superior Court. That appeal is the instant action: Docket No. BACV 2013-00579 entitled Robert D. Emmeluth, Trustee of the Gooseberry Island Trust v. Mashpee Zoning Board of Appeals.

In an effort to address the reasons that the Board gave for its denial decision, the Trust thereafter prepared plans for a single-lane bridge that would extend from the end of Punkhorn Point Road to Gooseberry Island and provide vehicular and pedestrian access.

The bridge requires wetlands permits. Accordingly, Gooseberry Island Trust submitted an application for wetlands permits to the Mashpee Conservation Commission.

After holding hearings, the Commission denied the Trust's application. The Trust appealed that denial decision to the DEP. An adjudicatory hearing was held which resulted in a decision that was unfavorable to the Trust. The DEP's decision was appealed pursuant to M.G.L. c. 30A and the appeal is pending in Barnstable Superior Court action entitled: <u>Matthew Haney, Trustee of Gooseberry Island Trust, et al. v. Massachusetts Department of Environmental Protection</u>, Docket Bo. 1772CV00340. The Trusts served their Motion for Judgment on the Pleadings in that matter on August 31, 2018. All opposition briefs are due to be served on February 1, 2019 and the motion package will thereafter be filed with the Court.

On November 9, 2018, while the appeal of the wetlands permits for the bridge remains pending, the Trust submitted a new application for variances to the Mashpee Zoning Board of Appeals seeking relief from the same three provisions of the Zoning Bylaw:

    a.    Section 174-12 – which requires buildings to be on lots which front upon a street;

    b.    Section 174-31 – which requires the Property to have 150 feet of frontage on a street; and

    c.    Section 174-32 – which requires the Property to have an unobstructed paved access roadway within 150 feet of the furthest point of any building on the Property.

The Trusts proposed, as part of their application, the construction of the single-lane bridge that will span the channel and provide pedestrian and vehicular access to the

Island, including access by the Town's emergency response vehicles.[1] The Trusts represented to the Board of Appeals that the ability to construct the proposed bridge depended upon a successful outcome of the litigation concerning the wetlands permits for the bridge, and that, without a wetlands permit, the bridge could not be built.

After holding a hearing on the application, the Board denied the request for variances. The ZBA declined to issue variances, in part, based upon conditional outcomes in other forums.

The Trusts appealed. This appeal is set forth in an action entitled <u>Matthew Haney, Trustee of Gooseberry Island Trust, et al v. Mashpee Zoning Board of Appeals.</u>, Docket No. 1972CV00012.

## ARGUMENT

The parties assert that there are common questions of law and fact with respect to the two zoning appeals. Both appeals involve Gooseberry Island, and both appeals involve applications for variances from the same three provisions of the Mashpee Zoning Bylaw.

Given these circumstances, the interest of judicial economy and effective administration of the two subject zoning appeals warrants consolidation of these actions for joint discovery and a single trial on the merits of the respective parties' claims and defenses.

For the reasons set forth herein, the parties hereby respectfully request that the

---

[1] The inclusion of the proposal to construct the bridge is subject to the Trusts prevailing in their Chapter 30A appeal of the DEP's decision. As it presently stands, the Trusts do not have wetlands permits for the bridge. Thus, the proposal of the bridge cannot be implemented unless the Trusts prevail in their appeal of the DEP's decision.

instant action be consolidated with the matter of <u>Matthew Haney, Trustee of Gooseberry Island Trust, et al v. Mashpee Zoning Board of Appeals</u>, Barnstable Superior Court Docket No. 1972CV00012 for disposition of all respective claims and defenses asserted therein.

Further, the parties request that the Pre-Trial Conference scheduled for Friday, February 1, 2019, be continued so that both cases can be processed together.

Dated: January 30, 2019

Respectfully submitted,
The Plaintiff,
Gooseberry Island Trust,
By its Attorney,

_____
Brian J. Wall
BBO No. 560063
Troy Wall Associates
90 Route 6A
Sandwich, MA 02563
(508) 888-5700
bjw@troywallassociates.com

Assented to by:

The Town of Mashpee
Zoning Board of Appeals,
By its attorneys

*/Kathleen E. Connolly (Bjw)*

Patrick J. Costello (BBO #531761)
Email: Pcostello@lccplaw.com
Kathleen E. Connolly (BBO #558706)
Email: kconnolly@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
617-439-0305

## CERTIFICATE OF SERVICE

I, Brian J. Wall, hereby certify that on January 30, 2019, I served a copy of the within motion on all counsel by email and regular mail, postage prepaid, directed to:

Patrick J. Costello
Kathleen E. Connolly
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110

Date: January 30, 2019

_____
Brian J. Wall