UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)  Civil Action No. 1:21-cv-10718-JGD
Matthew Haney, as Trustee of the )
Gooseberry Island Trust )
Plaintiff )
)
v. )
)
Town of Mashpee, and Jonathan )
Furbush, William A. Blaisedell, )
Scott Goldstein, Norman J. Gould, )
Bradford H. Pittsley, and )
Sharon Sangeleer, as they are )
members and are collectively the )
Zoning Board of Appeals of the )
Town of Mashpee )
Defendants )
)
)
_____ )

## PLAINTIFF's OPPOSITION TO MOTION TO DISMISS

### Introduction

Rather than file an answer to the complaint, the Defendants Town of Mashpee and the

Zoning Board of Appeals of Mashpee (collectively "Defendants") have filed a motion to

dismiss which relies primarily on overturned decisions and argues that the Plaintiff is

somehow asking the federal court to exercise appellate jurisdiction over the Massachusetts

state courts. Nothing in the Defendants' motion provides any coherent rationale for

dismissing the Plaintiff's complaint and the motion should be summarily denied.

**Facts**

The facts in this proceeding are set forth in the Plaintiff's Complaint and need not be repeated in detail in this motion. In summary, Plaintiff owns Gooseberry Island in Popponesset Bay in the Town of Mashpee in a zoning district that only allows single family residences. Complaint, at paras. 8 and 146-147. The Plaintiff has applied for variances from the Defendant Mashpee Zoning Board of Appeals to build a house either without a bridge or with a bridge to the island and the Board has denied those applications. Complaint, at paras. 68-74 and 132-147. The Plaintiff also has applied to the Mashpee Conservation Commission for permission to build a bridge to the island. Complaint, at paras. 75-99. The Commission has denied such permits and has actively opposed the Plaintiff's attempts to appeal those denials. Complaint, at paras. 99-116. The Town of Mashpee has made utterly baseless claims that it owns land where a proposed bridge would connect to the mainland at Punkhorn Point Road. Complaint, at paras. 82-88, 117-119, and 148-150. Finally, the Town has assured the Mashpee Wampanoag Tribe that it will not allow construction of the bridge to the island without the Tribe's consent. Complaint, at paras. 75-85 and 151-159.

**Argument**

**I.     The Massachusetts Zoning Act Does Not Divest This Court's Jurisdiction Over a Federal Constitution Claim**

The first and, perhaps, most specious argument put forth by the Defendants is that the Plaintiff's claim in "barred [by] G.L. ch. 40A, Sec. 17." Ignoring that federal law allows parties to bring actions under 42 U.S.C. 1983 to redress constitutional wrongs and the Supremacy Clause of the United States Constitution, the Defendants argue that a state

statute, which provides solely a process for appealing an adverse decision of a zoning board, acts to prevent the federal court from asserting jurisdiction over the Plaintiff's claims. The cases cited by Defendants do not even support the Defendants' position as they recognize that federal courts have a role in addressing unconstitutional actions by local zoning authorities. In particular, *Zahra v. Town of Southold*, 48 F.3d 674 (2d Cir. 1995) cited by the Defendants involved claims that certain actions by a Town and its zoning board of appeals violated the plaintiff's substantive due process rights and constituted equal protection violations. The *Southold* court addressed the plaintiff's claims because:

> we have acknowledged that we should entertain [land use determination] claims where a landowner's constitutional rights are indeed infringed by local land-use actions. *See Brady v. Town of Colchester,* 863 F.2d 205, 215 (2d Cir. 1988). In fact, in such an instance, "our duty to protect the constitutional interest is clear." *Sullivan* [*v. Town of Salem,* 805 F.2d 81], 82 (2d Cir. 1986).

*Southold*, at 680.

In this matter, Plaintiff claims that the actions of the Mashpee Zoning Board of Appeals resulted in a taking of his property in violation of the United States Constitution. The Plaintiff has not requested that the federal court review the appropriateness of the decisions of the Board and reverse them in a manner favorable to the Plaintiff, but, rather, has solely requested that he be compensated for the regulatory taking of his property by such actions.[1] As such, the availability of an appeal to state court of the Mashpee Zoning Board of

---

[1] An underlying theme of the Defendants' argument is that Plaintiff needs to exhaust his state law remedies by completing the G.L. ch. 40A, Sec. 17 proceedings. This argument is simply unsupportable under current law as set forth below.

Appeals' decisions does not divest this court of jurisdiction to determine whether the Board violated the Plaintiff's constitutional rights.

## II.        Plaintiff's Claims Are Ripe

The Defendants devote six pages of their motion to arguing that Plaintiff's claims are not ripe because the Plaintiff has only been denied a wooden bridge by the Mashpee Conservation Commission and has never been denied a permit for a steel bridge by the Commission. The Court need not spend any time examining the quite obvious point that applying for a steel bridge is wholly futile as demonstrated by Defendant Town of Mashpee's opposition to the Massachusetts Department of Environmental Protection's approval of a steel bridge to access the island, *see* Complaint at paras. 106-111, and, further, the Defendant Town of Mashpee statements that it will never approve any bridge without the agreement of the Mashpee Wampanoag Tribe because it allegedly would violate the intergovernmental agreement with the Tribe. *See* Complaint at paras. 75-85 and 151-159. Rather, this argument can be wholly disposed of by a review of the United States Supreme Court's decision in *Pakdel v. City and County of San Francisco*, 594 U.S. __, 2021 WL 2637819 (2021). In *Pakdel*, the Court in a per curiam decision held that property owners did not have to exhaust administrative remedies before seeking relief to satisfy a finality requirement for bringing a takings claim. All a plaintiff is required to do is demonstrate is that the regulations at issue would apply to a parcel of land and that the outcome of the administrative process is nearly certain. In this matter, the Plaintiff applied to the Mashpee Zoning Board of Appeals for a variance from the Mashpee Zoning Bylaw to allow development of a single family home without a bridge. *See* Complaint at paras 68-74.  The

Defendant Mashpee Zoning Board of Appeals denied that variance request in 2013. *Id.* In 2018, the Plaintiff reapplied to the Mashpee Zoning Board of Appeals for a variance that specified development of a single family home with either a steel or a wooden bridge to access the island. *Id.*, at paras. 132-147. The Plaintiff did so because he did not want to go to the trouble of obtaining permits for either bridge if the Defendant Mashpee Zoning Board of Appeals would deny the variance request regardless of whether a bridge existed or not. *Id.*, at para. 133. On December 20, 2018, the Defendant Mashpee Zoning Board of Appeals again denied the variance request. *See* Complaint at para. 144___. Under *Pakdel*, the Plaintiff has demonstrated that the Plaintiff's claim is ripe by making these applications and receiving denials from the Defendants.[2]

### III. Plaintiff Does Not Need to Pursue a State Inverse Condemnation Claim Prior to Filing this Complaint.

Apparently having failed to shepardize the cases cited in its brief, the Defendants argue that the Plaintiff must first bring an inverse condemnation claim in state court. Defendants argument is based upon the second holding of *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 191 (1985). However, in *Knick v. Township of Scott*, 588 U.S. __, 139 S.Ct. 2162 (2019), the United States Supreme Court reviewed *Williamson's* second holding that required a regulatory takings claimant to

---

[2] While the decision in *Pakdel* was issued nearly contemporaneously with the filing of the Defendants' motion to dismiss, the decision does not extend or change existing law. In particular, the Supreme Court had previously stated that a claim becomes ripe when "the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations to the particular land question." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 191 (1985). In *Williamson County*, the Court stated that "there is no requirement that a plaintiff exhaust administrative remedies before bringing a [42 U.S.C. 1983] action." *Id.* Quite interestingly, the Court in *Williamson County* concluded that the Plaintiff's claim was not ripe because the Plaintiff had failed to request a variance for its property. Here, the Plaintiff has requested a variance and it has been denied meeting the standard of *Williamson County* and *Pakdel*. *See also Anderson v. Chamberlain*, 134 F. Supp. 2d 156 (D. Mass., 2001) (holding that failure to complete Superior Court appeal of a denial of septic variance does not violate the "finality" requirement).

first bring a state inverse condemnation claim and concluded that *Williamson* was wrongly decided. The *Knick* decision expressly held that "[t]he state litigation requirement of *Williamson County* is overruled. A property owner may bring a takings claim under Sec. 1983 upon the taking of his property without just compensation by a local government." *Knick*, at 139 S.Ct. 2179. As such, the Plaintiff need not bring an inverse condemnation action.

### IV. The Rooker-Feldman Doctrine is Inapplicable

The Rooker-Feldman doctrine is a rarely applied exception to federal court jurisdiction As stated by the United States Supreme Court:

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The Defendants claim that the Plaintiff cannot argue that he has exhausted his administrative remedies because the Superior Court and Massachusetts Department of Environmental Protection ("DEP") have concluded that the Plaintiffs did not do so with respect to filing before the Mashpee Conservation Commission for a steel bridge. The argument has three fatal flaws. First and as addressed previously, there is no requirement to exhaust administrative remedies prior to commencing a Section 1983 action. *See* n. 2, *supra*. Second, the Plaintiff's claim is that the Zoning Board of Appeals has denied variances for construction of a single family home on the island even if a bridge is

constructed of any type to access the island. Finally, the Plaintiff is not requesting that the federal court reverse the actions of the Superior Court or DEP, but, rather, that the court require that the Defendants pay damages for taking the Plaintiff's property based upon the denial of variances by the Defendants. In summary, the Rooker-Feldman doctrine is irrelevant to this matter.

### V.      Plaintiff Has Pled a Viable Takings Claim

Defendants lastly request that the Court simply end this proceeding without a trial or any evidentiary hearing arguing that the Plaintiff can never demonstrate a regulatory taking of their property. The primary focus of Defendants' argument is that the Town of Mashpee had already destroyed the value of Plaintiff's property by regulatory actions and the intergovernmental agreement with the Mashpee Wampanoag Tribe prior to Plaintiff's acquisition. In making this argument, the Defendants simply ignore the United States Supreme Court's holding in *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001). In particular, *Palazzolo* involved an appeal from a decision of the Rhode Island Supreme Court wherein that court held that a "postregulation acquisition was fatal to the claim of deprivation of all economic use, and to the *Penn Central* claim." *Id.* at 626 (citations omitted). In reversing the Rhode Island court's decision, the Supreme Court rejected the concept that a "postregulation acquisition" prevented a takings claims stating:

> The Takings Clause, however, in certain circumstances allows a landowner to assert that a particular exercise of the State's regulatory power is so unreasonable or onerous as to compel compensation. Just as a prospective enactment, such as a new zoning ordinance, can limit the value of land without effecting a taking because it can be understood as reasonable by all concerned, other enactments are unreasonable and do not become less so through passage of time or title. Were we to accept the State's rule, the

postenactment transfer of title would absolve the State of its obligation to defend any action restricting land use, no matter how extreme or unreasonable. A State would be allowed, in effect, to put an expiration date on the Takings Clause. This ought not to be the rule. Future generations, too, have a right to challenge unreasonable limitations on the use and value of land.

*Id.* at 627.

The Supreme Court then summarized: "It suffices to say that a regulation that otherwise would be unconstitutional absent compensation is not transformed into a background principle of the State's law by mere virtue of the passage of title." *Id.* at 629-630. Finally, the Defendants' motion is a motion to dismiss and the Court is limited to a review of the facts pled in the Complaint. The Defendants' argument, however, has the Court weigh the evidence and make findings of fact which is wholly inappropriate for a motion to dismiss. As such, the Defendants' argument has no basis in law and should rejected.

### Conclusion

The Defendants' motion to dismiss should be denied and the Court should order the Defendants to answer the Complaint within 20 days of the denial of the motion.

/s/ Paul Revere, III
Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02601
revereiii@aol.com
(508) 237-1620

Dated: July 28, 2021

I, Paul Revere, III, hereby certify that on July 28, 2021, I served the foregoing by causing a copy to be sent electronically to the registered participants as identified on the Notice of

Electronic Filing (NEF) and/or paper copies will be sent to those indicated as non-registered participants.

/s/ Paul Revere, III
Paul Revere, III