UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>Matthew Haney, as Trustee of the )<br>Gooseberry Island Trust )<br>Plaintiff )<br> )<br>v. )<br> )<br>Town of Mashpee, and Jonathan )<br>Furbush, William A. Blaisedell, )<br>Scott Goldstein, Norman J. Gould, )<br>Bradford H. Pittsley, and )<br>Sharon Sangeleer, as they are )<br>members and are collectively the )<br>Zoning Board of Appeals of the )<br>Town of Mashpee )<br>Defendants )<br> )<br>_____ ) | Civil Action No. 1:21-cv-10718-JGD |

## **PLAINTIFF's NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Matthew Haney, as Trustee of the Gooseberry Island Trust submits with this Notice an Opinion issued by Judge Nathaniel M. Gorton on January 10, 2022, in *Symes Development & Permitting v. Town of Concord*, Civ. Action No.. 21-10556-NMG (D.Mass., Jan. 22, 2022) (attached hereto as Exhibit A), as supplemental authority in support of Plaintiff's Opposition to Motion to Dismiss (Docket No. 18) in the above-captioned matter as the opinion addresses a number of the same issues argued by the parties at the hearing on the Defendants' Motion to Dismiss (Docket No. 8).

1

The Plaintiff brings this decision to the Court's attention to the extent it may assist the Court in resolving the pending motion to dismiss.

/s/ Paul Revere, III
Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02601
revereiii@aol.com
(508) 237-1620

Dated: February 1, 2022

I, Paul Revere, III, hereby certify that on February 1, 2022, I served the foregoing by causing a copy to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or paper copies will be sent to those indicated as non-registered participants.

/s/ Paul Revere, III
Paul Revere, III

EXHIBIT A

United States District Court
District of Massachusetts

```
                              )
Symes Development & Permitting)
LLC,                          )
                              )
          Plaintiff,          )
                              )   Civil Action No.
     v.                       )   21-10556-NMG
                              )
Town of Concord,              )
et al.,                       )
                              )
          Defendant.          )
```

MEMORANDUM & ORDER

GORTON, J.

This action arises from the claim of Symes Development & Permitting LLC ("Symes" or "plaintiff") that a land use decision by the Town of Concord Planning Board ("the Planning Board") constitutes an unconstitutional taking in violation of the Fifth and Fourteenth Amendments to the United States Constitution. In its decision, the Planning Board required Symes to reserve five building lots within a proposed subdivision for three years for possible future use by the Town of Concord ("the Town") (collectively, with the Planning Board, "defendants"). Pending before the Court is defendants' motion to dismiss for failure to state a claim.



I.  **Background**

Symes, which holds an interest in several contiguous parcels of land in the Town, applied to the Planning Board for final approval of an 18-lot subdivision plan in June, 2020, after the Board approved Symes' preliminary plan with various conditions. After a public hearing, the Board published its final decision in December, 2020.

Pursuant to the Massachusetts Subdivision Control Law, M.G.L. c. 41, §§ 81K-81GG, the Board's final decision conditioned approval on Symes reserving five of the building lots at issue for three years. The Board selected two of the five reserved lots for possible future use as a public park and the remaining three for possible future use as sites for affordable housing based upon Concord's Inclusionary Housing Bylaws. Reserving the lots means that Symes cannot use, disturb or improve them in any manner during the relevant period without Board approval. During that reservation period, moreover, the Town may elect to purchase the reserved lots for just compensation. According to the complaint, Board regulations do not require, nor did the Board make, findings that there is any nexus or relationship between Symes' proposed subdivision and the conditions enumerated.

Symes alleges that the Planning Board's decision imposes an unconstitutional condition for which the Town has failed to provide adequate compensation. Plaintiff therefore seeks renumeration pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in May, 2021, which Symes timely opposed.

## II. **Motion to Dismiss**

As a preliminary matter, the Court rejects defendants' argument that abstention is appropriate here due to the pending state court proceedings. In addition to challenging the Planning Board's decision in this Court, Symes has appealed the decision to the Massachusetts Land Court. In that case, Symes seeks review of the development conditions adopted by the Planning Board, alleging that its application of the Inclusionary Housing Bylaws impermissibly conflicts with the Subdivision Control Law. Defendants contend that the Court should abstain from ruling on Symes' § 1983 claim because the state court litigation could resolve that issue. See R.R. Comm'n of Tex. v. Pullman, 312 U.S. 496 (1941).

That assertion is misguided. Abstention may be appropriate to "avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues." Casiano-Montanez v. State Ins. Fund Corp., 707 F.3d 124, 128 (1st Cir. 2013)

- 3 -

(quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 76 (1997)). Here, however, the state and federal questions at issue in the contemporaneous proceedings are independent of each other and any resolution in the state action will not affect this action. If this Court determines that an unconstitutional taking has occurred, Symes

> has a Fifth Amendment entitlement to compensation [that accrued] as soon as the government takes [the] property without paying for it

regardless of the Land Court's ruling with respect to the Subdivision Control Law. Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 2170 (2019); see also id. at 2171 ("Where the government's activities have already worked a taking of all use of property, no subsequent action by the government can relieve it of the duty to provide compensation.") (quoting First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cty., Cal., 482 U.S. 304, 305 (1987)). Accordingly, there is no likelihood that the "action pending in state court [will] resolve the state-law questions underlying the federal claim," Harris Cnty. Comm'rs Court v. Moore, 420 U.S. 77, 83 (1975), and abstention is unwarranted.

### a. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state

a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12. Rather, the inquiry required focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13. The assessment is holistic: "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible". Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013), quoting Ocasio-Hernandez, 640 F.3d at 14.

**b. Application**

In its complaint, Symes submits that defendants have imposed an unconstitutional condition on the proposed development by conditioning "a land-use permit on the owner's relinquishment of a portion of his property." Koontz v. St. Johns River Water Mgmt. Dist., 570 U.S. 595, 599 (2013). The relinquishment, as alleged, is the result of the three-year reservation period that the Planning Board has adopted, which Symes asserts is a taking within the meaning of the Fifth Amendment.

The unconstitutional conditions doctrine forbids the government from requiring

> a person to give up a constitutional right — here the right to receive just compensation when property is taken for a public use — in exchange for a discretionary benefit conferred by the government where the benefit sought has little or no relationship to the property.

Dolan v. City of Tigard, 512 U.S. 374, 385 (1994); see also Nollan v. California Coastal Comm'n, 483 U.S. 825, 837 (1987). Caselaw recognizes that land-use permit applicants may be vulnerable to such "coercion...because the government often has broad discretion to deny a permit that is worth far more than property it would like to take." Koontz, 570 U.S. at 605. Under

such circumstances, applicants may be unduly pressured to exchange constitutional rights for sought-after permit approval.

Recognizing the imbalance of power between permit applicants and the government, as well as the resulting risks posed to applicants' constitutional rights, the Supreme Court determined in Nollan, 483 U.S. at 837, and Dolan, 512 U.S. at 391, that while the government may condition land-use permit approvals to mitigate the impacts of proposed development

> it may not leverage its legitimate interest in mitigation to pursue governmental ends that lack an essential nexus and rough proportionality to those impacts.

Koontz, 570 U.S. at 606. Precedent thus requires that the government provide "some sort of individualized determination" to meet that requirement. Dolan, 512 U.S. at 391. That assessment is, purportedly, absent here. Symes alleges that Board regulations do not require, nor did the Board make, findings that there is any nexus or relationship between Symes' proposed subdivision and the reservation period imposed. On that basis, the complaint adequately states an unconstitutional condition.

However,

> [a] predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the

- 7 -

>    claim to do what it attempted to pressure that person
>    into doing.

Koontz, 570 U.S. at 612.  Plaintiffs assert that the requirement is satisfied because the subject reservation period establishes an unconstitutional taking under the Fifth Amendment. Defendants respond that no taking has occurred because the condition, i.e. the reservation period, is only temporary.

Applicable to the states by virtue of the Fourteenth Amendment, the Takings Clause of the Fifth Amendment provides: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V.  That protection

>    was designed to bar Government from forcing some
>    people alone to bear public burdens which, in all
>    fairness and justice, should be borne by the public as
>    a whole.

Armstrong v. United States, 364 U.S. 40, 49 (1960).  The risk of such an imposition may be particularly acute where, as here, that burden is felt by a single entity, rather than a group. See e.g., Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 535 U.S. 302, 322 (2002) ("With a temporary ban on development there is a lesser risk that individual landowners will be singled out to bear a special burden that should be shared by the public as a whole." (citing Nollan, 483 U.S. at 835)).  Traditionally, unconstitutional takings are manifest either through a "physical taking" or a "total regulatory

taking". Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537 (2005) (citations and quotations omitted). Since the decisions in Nollan, 483 U.S. at 835, and Dolan, 512 U.S. at 384, courts have recognized a third kind of unconstitutional takings based upon land-use exactions.

The alleged takings at issue in those cases were, however, more obvious than the government's practice here. Both cases involved government demands that a landowner dedicate a permanent property easement as a condition of obtaining a development permit. Those easements clearly constituted takings based upon the understanding that

> the right to exclude others is one of the most essential sticks in the bundle of rights that are commonly characterized as property

and the easements would permanently deny the property owners from exercising that right over some portion of their land. Nollan, 483 U.S. at 831 (quoting Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 433 (1982)).

In contrast, here, the condition of development is not an easement, but rather a reservation period. The central question is whether the imposition of that condition constitutes a taking. While seemingly straight forward, that inquiry exposes a certain circularity of the cited caselaw: a plaintiff may prove a taking by meeting the requirements of Nollan and Dolan

- 9 -

but those requirements depend upon the clarity of subject takings. Neither party nor the Court has located precedent in which the issue in this case has been directly addressed.

Nevertheless, Symes has asserted facts sufficient to allege a taking. Courts, including the United States Supreme Court, have repeatedly "rejected the argument that government action must be permanent to qualify as a taking." Arkansas Game & Fish Comm'n v. United States, 568 U.S. 23, 33, (2012); see, e.g., Tahoe-Sierra, 535 U.S. at 322 (2002) ("[C]ompensation is mandated when a leasehold is taken and the government occupies the property for its own purposes, even though that use is temporary.").

> Temporary takings are not different in kind from permanent takings — a temporary taking simply occurs when what would otherwise be a permanent taking is temporally cut short.

Am. Pelagic Fishing Co., L.P. v. United States, 379 F.3d 1363, n.11 (Fed. Cir. 2004), cert. denied 545 U.S. 1139 (2005). Defendants incorrectly assert that the temporality of the reservation period is dispositive. See First Eng., 482 U.S. at 319-319.

Moreover, the alleged taking to which Symes objects falls well within the parameters drawn by the Supreme Court in its most recent application of the unconstitutional conditions

- 10 -

doctrine. In Koontz, 570 U.S. at 605, the Court found monetary exactions as a condition of a land-use permit subject to the requirements of Nollan and Dolan, recognizing that the exactions transferred

> an interest in property from the landowner to the government [that amounted to a] per se taking similar to the taking of an easement or a lien.

See also Cedar Point Nursery v. Hassid, 141 S. Ct. 2063, 2075 (2021) ("[W]hen the government physically takes an interest in property, it must pay for the right to do so."). Symes has sufficiently pled that the reservation period imposed here similarly conveys a property interest and, consequently, alleges a taking.

### ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 9) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 10, 2022

- 11 -