UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW HANEY, as Trustee of the Gooseberry Island Trust,<br><br>        Plaintiff,<br>  v.<br><br>TOWN OF MASHPEE, and JONATHAN FURBUSH, WILLIAM BLAISEDELL, SCOTT GOLDSTEIN, NORMAN GOULD, BRADFORD PITTSLEY, and SHARON SANGELEER, as they are members and are collectively the ZONING BOARD OF APPEALS OF THE TOWN OF MASHPEE,<br><br>        Defendants. | CIVIL ACTION<br>NO. 21-10718-JGD |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANTS' MOTION FOR RECONSIDERATION**

April 25, 2022

DEIN, U.S.M.J.

      Plaintiff Matthew Haney ("Haney"), as Trustee of the Gooseberry Island Trust ("Trust"), has brought this action against the Town of Mashpee ("Mashpee" or the "Town") and the members of its Zoning Board of Appeals ("ZBA") pursuant to 42 U.S.C. § 1983 alleging an unconstitutional regulatory taking of private property under the Fifth Amendment of the United States Constitution (Count I), and asking this court to exercise its supplemental jurisdiction over a claim of inverse condemnation under Article X of the Massachusetts Constitution and state common law (Count II). This is the latest in a series of administrative and court proceedings initiated by Haney relating to his attempt to construct a home on Gooseberry Island.

1

On March 22, 2022, this court issued its "Memorandum of Decision and Order on Defendants' Motion to Dismiss" dismissing the complaint without prejudice.  (Docket No. 24).  This matter is presently before the court on Haney's "Motion for Reconsider[a]tion" by which the plaintiff has asked this court to reconsider its decision because the court allegedly (1) erred in finding that Haney did not submit a steel bridge proposal to the ZBA; (2) misread the decision of the ZBA on the 2018 variances applications; (3) failed to read the allegations of the Complaint in a manner favorable to the plaintiff; and (4) incorrectly concluded that Haney's claims were not ripe for adjudication.  (Docket No. 25).  After careful review of the plaintiff's "Memorandum in Support of Motion for Reconsider[a]tion" (Docket No. 25-1) and the defendants' opposition thereto ("Opp.") (Docket No. 26), the Motion for Reconsideration is DENIED.

In order to succeed on a motion for reconsideration, "'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.'"  Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88, 94-95 (1st Cir. 2012) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, but is not appropriate as a vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion."  Platten v. HGBermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006) (internal punctuation and quotation omitted).  Haney's motion fails to meet this standard for reconsideration.

For the reasons detailed more fully in this court's Memorandum of Decision and Order of March 22, 2022, and the defendant's Opposition to the motion for reconsideration, this court sees no reason to modify its interpretation of the facts as found in the record or its rulings of law.

The Motion for Reconsideration (Docket No. 25) is DENIED.

                                                    / s / Judith Gail Dein
                                                   Judith Gail Dein
                                                   United States Magistrate Judge